**Kenneth Ray HAZELWOOD et al., Appellants,**

v.

**Bobbie Jean HODGE, Appellee.**

Court of Appeals of Kentucky.

May 19, 1961.

Rehearing Denied June 22, 1962.

Thomas A. Ballantine, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellants.

Joe G. Leibson, Leibson, Leibson & Leibson, Louisville, for appellee.

CULLEN, Commissioner.

Bobbie Jean Hodge, a 19 year old married woman with two children, was injured when the automobile in which she was riding was struck by a taxicab. In her action for damages against the taxicab company and its driver the jury's verdict awarded $21,683.70. The defendants have appealed from the judgment entered upon the verdict. The asserted grounds of error are that incompetent evidence was received, one of the instructions was erroneous, and the damages are excessive.

The accident occurred in October 1957. Mrs. Hodge sustained no broken bones and the apparent injuries were to muscles and tissues in her neck, shoulder and back. She was confined for six days in a hospital and a short time after her release from that hospital was confined in another for 12 days, after which she spent three weeks in strict bed rest at home. During the next seven months she made 20 visits to the family doctor, whose treatment included placing adhesive casts on her back, prescribing and administering sedatives and muscle relaxants, and prescribing a bed board. Early in June 1958 she made complaint to her doctor of chest discomfort and coughing spells and upon fluoroscopic and X-ray examinations he discovered that she had active tuberculosis in both lungs. She was immediately admitted to a tuberculosis sanitarium and at the time of the trial in June 1959 she was still confined in the sanitarium.

For the purpose of proving that Mrs. Hodge did not have tuberculosis prior to the accident there were introduced in evidence two photographic reproductions of fluoroscopic images of a human chest, which photographs were from the files of the Louisville Tuberculosis Association and were identified by file cards attached to them as being photographs of the chest of Mrs. Hodge, one taken in 1955 and the other in 1956, at which times she was a high school student. Three medical witnesses were asked on the stand to examine these photographs and each said that they showed no

evidence of tuberculosis. The defendants objected to the admission of the photographs and to the testimony concerning them, and they contend on this appeal that error was committed in the overruling of their objections.

■ The grounds of objection were that the *scientific accuracy* of the photographs and the *identity* of the subject (a matter of integrity of the records) were not established. We do not find it necessary to pass on the merits of these grounds because it is our opinion that the admission of the exhibits and testimony, even if erroneous, was not prejudicial. However, we deem it appropriate to make these comments: As concerns the question of scientific accuracy there appears to be little basis for the objection, because not only was there testimony by one of the doctors that the process used in making photographs of this kind has proved by experience to be very satisfactory, but all of the medical witnesses found these particular photographs to be entirely satisfactory for the purpose of expressing a diagnostic opinion. As concerns the question of identity or integrity we think the objection probably was well taken, because there was no testimony from persons who kept the records. See Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498.

Our opinion that the evidence complained of was not prejudicial is based upon the fact that other evidence in the case was convincing that Mrs. Hodge did not have tuberculosis in an active state prior to the accident. In fact there was no real effort to prove otherwise. Her testimony and that of her husband was that she was strong and healthy before the accident and was able without difficulty to do her housework and the many tasks involved in caring for her two small children. There was proof that the members of her family were free of tuberculosis. And, most convincing of all, her family doctor testified that during the seven months immediately following the accident he had made several fluoroscopic examinations of Mrs. Hodge's chest and they all were negative as to tuberculosis. There was no evidence to contradict this testimony, other than the testimony of one doctor that Mrs. Hodge might have had minimal lesions before the accident, which of course is no evidence that she had tuberculosis in an active state.

■ The instruction of which the appellants complain was that the jury in determining damages could consider Mrs. Hodges's condition of active tuberculosis if they believed from the evidence that there was "a causal relationship" between the physical injuries which she received in the accident and the development of the tubercular condition. (There was medical testimony that the injuries either activated or lighted up a dormant germ infection or so reduced Mrs. Hodge's resistance as to cause her to contract the disease. The doctors, in referring to the causal connection, spoke of it as "probable" and as "a reasonable medical certainty.")

The contention of the appellants is that the "cause" of tuberculosis is always the germ; that negligent conduct cannot impose liability for injury unless the conduct is the "proximate cause" of the injury; and therefore there can be no liability for a tubercular condition that is activated by an injury negligently inflicted. This argument is so fallacious as hardly to deserve comment. It will be sufficient to cite merely a few of the multitude of authorities for the proposition that a negligent actor is liable for a disease which is contracted because of lowered vitality from injuries, or for a disease activated or lighted up by injuries. See Louisville Taxicab & Transfer Co. v. Hill, 304 Ky. 565, 201 S.W.2d 731; Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 80 S.Ct. 173, 4 L.Ed.2d 142; Restatement of the Law of Torts, sec. 458; Prosser on Torts, sec. 48; 25 C.J.S. Damages § 20, p. 478; 15 Am.Jur., Damages, sec. 81, p. 490.

■ The damages do not strike us as being excessive to the extent of appearing to

have been awarded under the influence of passion or prejudice. There was evidence that Mrs. Hodge was continuing at the time of the trial to suffer severe pain from her back injury and there was medical testimony that the back injury appeared to be chronic. By reason of the tuberculosis she had spent a year in a sanitarium and there was no prospect of her immediate release. While there was no medical testimony as to the probable duration of the necessary period of her hospitalization it was clear that her recovery was not imminent and there was testimony that in the event of her ultimate release from the sanitarium she would continue to be restricted in her activities. Under these circumstances the award does not appear excessive.

The judgment is affirmed.