## GUSTAFSON v FARIS

1. TORTS—EMOTIONAL DISTRESS—PARENT AND CHILD—IMMEDIATE FAMILY—LIMITATION OF RECOVERY—SERIOUS INJURY—ACTUAL HARM—CONTEMPORANEOUSNESS.

   The shock of a parent at danger or harm to a child may be both a real and a serious injury but there are some limitations to legal recovery for such an injury: the injury threatened or inflicted upon the child must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that shock must result in actual physical harm; the action should be confined to the immediate family of the one endangered, and it should be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it.

2. TORTS—EMOTIONAL DISTRESS—PARENT AND CHILD—WITNESSING ACCIDENT—MATERIAL DIFFERENCE.

   A parent who views a child's injuries moments after an allegedly negligent accident may have a cause of action for emotional distress and resulting physical injury in spite of the fact that he or she did not witness the actual incident where the circumstances creating the injury to the parent were materially different from the circumstances undergone by other parents whose children have been injured in accidents which the parents did not witness.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted January 8, 1976, at Grand Rapids. (Docket No. 24751.) Decided February 11, 1976.

Complaint by Richard and Glenna Gustafson for themselves and by Richard Gustafson, as adminis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur 2d, Damages § 254.

   59 Am Jur 2d, Parent and Child § 118.

   What items of damages on account of personal injury to infant belong to him, and what to parent. 37 ALR 50, s. 32 ALR2d 1060.

trator of the estate of David Gustafson, deceased, for damages resulting from an automobile-bicycle collision. Summary judgment against Richard and Glenna Jackson on their complaint as individuals. Plaintiffs appeal. Affirmed.

*Leitson, Dean, Dean, Segar & Hart, P. C.* (by *Leonard B. Shulman),* for plaintiffs.

*Douglas M. Philpott,* for defendants.

Before: D. E. HOLBROOK, P. J., and R. M. MAHER and D. F. WALSH, JJ.

D. E. HOLBROOK, P. J. This is an appeal from an order granting defendants' motion for partial summary judgment. The motion was apparently based upon GCR 1963, 117.2(1), which provides for a summary judgment in cases where plaintiffs fail to state a claim upon which relief can be granted. Since motions based upon GCR 1963, 117.2(1) are to be tested by the pleadings alone, *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), a substantial portion of plaintiffs' complaint is here quoted:

"1. That plaintiff herein is the duly appointed Administrator of the Estate of said decedent pursuant to proceedings had in the Probate Court for the County of Genesee, State of Michigan.

"2. That this cause arose in Davison Township, Genesee County, Michigan.

"3. That this cause arises from personal injuries sustained on July 30, 1974 which resulted in the death of David Gustafson on August 4, 1974.

"4. That at the time of his death, David Gustafson was five years of age and left surviving as his next of kin and heirs at law his father, Richard Gustafson and his mother, Glenna Gustafson.

"5. That the incident which gave rise to the injuries and death of David Gustafson occurred at the intersec-

tion of Potter Road and Blarney Drive in the following manner:

"a. David Gustafson was operating a bicycle in a northerly direction on Blarney Drive and entered the intersection of Blarney Drive with Potter Road.

"b. Defendant Elizabeth Faris was operating a vehicle owned by defendant Glen R. Faris in a westerly direction on Potter Road approaching the intersection with Blarney Drive.

"c. At the time and place aforesaid, defendant Elizabeth Faris, in a reckless, careless and. negligent manner, struck David Gustafson while said minor child was in the intersection on his bicycle, causing injuries to him which subsequently resulted in his death.

"6. That the negligence of defendant Elizabeth Faris, imputed by law to defendant Glen Faris, consisted of the following acts and omissions:

"a. In operating said motor vehicle in a careless and heedless manner without due regard to the rights and safety of others and at a speed and in a manner so as to endanger or be likely to endanger persons and property.

"b. In failing to make proper observation or in the exercise of reasonable care observe the presence of others using the highway.

"c. In failing to yield the right of way.

"d. In then and there failing to observe the rules of the road in such cases made and provided governing the movements of motor vehicles on public streets and highways.

"7. That as a result of the aforesaid negligence, David Gustafson sustained painful injuries which caused him to die.

"8. That as a result of the injuries sustained, decedent suffered from conscious pain and suffering until his death and as a result of his death his estate became responsible for medical, surgical, hospital, funeral and burial expenses and his heirs sustained losses of society and companionship; pecuniary losses, of services and earnings; of investment and other losses.

"9. That as a result of the injury to David Gustafson and his subsequent death, Glenna Gustafson, mother of said decedent, suffered severe emotional trauma which

has caused her great pain of body and mind and other personal injuries and damages.

"10. That as a result of the emotional trauma to his wife, Richard Gustafson, in addition to the damages sustained by him as a result of the death of his son, has also been damaged by the loss of the society, companionship and services of his wife, Glenna Gustafson."

The Gustafsons brought this cause of action both individually and as administrators of the estate of their deceased son. The motion for summary judgment was directed toward the cause of action brought by the Gustafsons individually. Oral arguments, of which no transcript was filed in this Court, were held below. The court then ruled:

"Defendants having filed a Motion for Summary Judgment of Dismissal as to the claim of Richard and Glenna Gustafson, individually, on the grounds that plaintiff's complaint failed to state a claim upon which relief could be granted; and

"This court having heard the oral arguments of counsel for both plaintiff and defendant;

"It is the order of this court that a Summary Judgment of Dismissal be entered in favor of defendants against the claims of Richard and Glenna Gustafson, as individuals, for the reasons and on the grounds that this matter is controlled by *Perlmutter v Whitney,* 60 Mich App 268; 230 NW2d 390 (1975).

"It is a further finding and order of this court that there is no just reason for delay and that this Judgment against the individual claims of Richard and Glenna Gustafson is a final judgment and shall be entered as such."

One of the issues in the *Perlmutter* case, relied on by the court below at p 272; NW2d 391–392, was:

"[W]hether or not the law recognizes a separate cause of action for mental suffering incurred by persons who

were not physically involved in an accident, who were not injured as a result thereof, and who did not witness the accident, but who learned from others at a later time that the accident had occurred and that a close relative was injured. Defendants contend that the trial court properly held that no such cause of action exists in this state. We agree."

The Court went on to hold at p 273; NW2d 392, that:

"[T]he trial court correctly ruled that the claims of plaintiffs Jack and Gloria Perlmutter must be dismissed on the ground that the law does not allow recovery for mental anguish suffered by third persons as a result of their concern for the injuries of others where such third persons were not witnesses to the accident in which those injuries were sustained."

The *Perlmutter* case could possibly have been decided based upon one of two grounds; (1) the plaintiffs' failure to allege that they were injured physically as a result of the accident, *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973), or (2) that the plaintiffs did not witness the accident in person. For the purposes of this appeal we will assume that the court based its decision on the second ground. Having made that assumption, it appears that the broad rule stated in *Perlmutter* does not readily apply to the facts in this case.

It would seem that there could be no argument that a rule which allows recovery for emotional suffering and resulting physical injury to a mother who witnesses the death of her child, but would deny recovery for emotional suffering and resulting physical injury to a mother who does not witness the death of her child but arrives on the scene of the accident shortly thereafter is nothing but a poor arbitrary rule at best. While it is true

that a distinction is probably necessary in order to prevent a tide of litigation based upon questionable claims, it appears that the correct rule, although likewise arbitrary, should be a little less restrictive than that adopted by the Court in *Perlmutter.* The correct rule should contain the limitations set forth in the following quote from Prosser, Torts (4th ed), § 54, pp 334–335:

"It seems sufficiently obvious that the shock of a mother at danger or harm to her child may be both a real and a serious injury. All ordinary human feelings are in favor of her action against the negligent defendant. If a duty to her requires that she herself be in some recognizable danger, then it has properly been said that when a child is endangered, it is not beyond contemplation that its mother will be somewhere in the vicinity, and will suffer serious shock. There is surely no great triumph of logic in a rule which permits recovery for anxiety about an unborn child, and denies it once the child is born, or compensates for distress at the discovery of ransacked furniture but not the body of a murdered sister. Yet it is equally obvious that if recovery is to be permitted, there must be some limitation. It would be an entirely unreasonable burden on all human activity if the defendant who has endangered one man were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as his friends. And obviously the danger of fictitious claims, and the necessity of some guarantee of genuineness, are even greater here than before. It is no doubt such considerations that have made the law extremely cautious.

"*Some limitations might, however, be suggested.* It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. The action might, at least initially, well be confined to members of

the immediate family of the one endangered, or perhaps to husband, wife, parent, or child, to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date." (Footnotes omitted. Emphasis supplied.)

Applying the limitations set forth in Prosser to the case at hand we see that the plaintiffs were members of the immediate family of the deceased, and not remote relatives. From paragraph 9 of the complaint we see that Mrs. Gustafson has alleged actual physical harm. The injury inflicted in this case upon the deceased child was certainly of a nature to cause severe mental disturbance to the plaintiffs. The plaintiffs' case must fail, however, in that the complaint does not allege that the injury to the individual plaintiffs was fairly contemporaneous with the accident.

In determining what the term "fairly contemporaneous" means, guidance is found in the decisions of a sister state wherein the standard has been previously applied. In *Powers v Sissoev,* 39 Cal App 3d 865; 114 Cal Rptr 868 (1974), the Court of Appeals for California held that a mother could not recover for emotional distress which resulted in seeing her daughter some 30 to 60 minutes after the occurrence of an accident. The Court reasoned that the circumstances under which the mother saw her child were not materially different from the circumstances undergone by virtually all parents whose children have been injured in accidents which the parents did not witness. In the earlier case of *Archibald v Braverman,* 275 Cal App 2d 253; 79 Cal Rptr 723 (1969), the California

Court of Appeals held that a mother who viewed her son's injuries from an explosion within moments after the allegedly negligent accident occurred had a cause of action for emotional distress and resulting physical injury in spite of the fact that she did not witness the actual incident.

Since the complaint in the case before us fails to allege that the emotional shock and resulting physical injury occurred fairly contemporaneously with the injury to the deceased son, the holding below must be affirmed.

Judge MAHER concurs in result only.