SELEWSKI v WILLIAMS

OPINION OF THE COURT

1. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.
   Proximate cause is a question for the jury.

2. NEGLIGENCE—DISEASE—LOWERED VITALITY—SUSCEPTIBLE TO DIS-
   EASE—ACTIONABLE INJURY.
   A defendant in a negligence action is liable for a disease which is
   contracted by a plaintiff because of the plaintiff's lowered
   vitality where the injury to the plaintiff, caused by the defend-
   ant's negligence, so lowered the plaintiff's vitality as to render
   the plaintiff peculiarly susceptible to a disease; this rule applies
   not only where the lowering of the plaintiff's vitality is so
   serious that it constitutes an injury which by itself would make
   the negligent actor liable, but also where it is so slight that but
   for the subsequent disease there would be no actionable injury.

DISSENT BY D. T. ANDERSON, J.

3. NEGLIGENCE—PERSONAL INJURIES—PHYSICAL INJURIES—DAMAGES—
   PNEUMONIA—WEAKENED STATE—EVIDENCE.
   *A plaintiff who was injured by the negligent acts of a defendant
   may recover damages for his physical injuries, but he may not
   recover damages for pneumonia which resulted from his weak-
   ened state where there is no evidence that the weakened state
   was caused by the physical injuries suffered at the hands of the
   negligent defendant.*

Appeal from Macomb, Howard R. Carroll, J.
Submitted June 7, 1976, at Lansing. (Docket No.
25097.) Decided December 10, 1976.

Complaint by Richard K. Selewski against Ro-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 57 Am Jur 2d, Negligence §§ 136, 185.
[2, 3] 22 Am Jur 2d, Damages §§ 118, 119.
   29 Am Jur 2d, Evidence § 134.

derick M. Williams for damages for personal injuries arising from an automobile accident. Judgment for plaintiff in district court. Appealed to circuit court and reversed. Plaintiff appeals by leave granted. Reversed and remanded to district court for entry of judgment.

*Labarge, Zatkoff & Dinning, P. C.,* for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehart, P. C.,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

BASHARA, P. J. On October 29, 1972, the appellant and members of his family were involved in an automobile collision with the appellee. The appellant, his wife, and their two children were passengers in an automobile driven by appellant's brother. Although it was disputed, the evidence tended to show that the appellee ran a red light and collided with the appellant's automobile.

The appellant and his family were taken to the hospital. The appellant suffered gashes in his arm and hip that required stitches. He also complained of aches and pains in his head, chest and back. As a result of the injuries, the appellant remained in the hospital overnight.

The appellant's son was more severely injured. He was placed in the intensive care unit and was hospitalized for at least two weeks.

Approximately two weeks after the mishap the appellant came down with pneumonia. The appellant brought this action against the appellee seeking recovery for all damages including those due to the illness.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A district court jury returned a verdict of $6,200 in favor of the appellant. The appellee took an appeal to the circuit court. The circuit judge reversed, finding that the pneumonia was proximately caused by a virus rather than the automobile accident.

Generally, proximate cause is a jury question. *Comstock v General Motors Corp,* 358 Mich 163, 180; 99 NW2d 627 (1959). In most cases the jury should be left to resolve any doubts about the connections between cause and effect. *Davis v Thornton,* 384 Mich 138, 145; 180 NW2d 11 (1970).

In *Beauchamp v Saginaw Mining Co,* 50 Mich 163; 15 NW 65 (1883), the Michigan Supreme Court permitted recovery for the death of the plaintiff's decedent, who was seriously injured when struck by a stone from defendant's blasting operations. The decedent subsequently acquired pneumonia and died. The defendant argued that pneumonia was the cause of death, rather than the injuries suffered from the blasting operations. The Court rejected the defendant's argument. It reasoned that although the injury did not directly cause the attack of pneumonia, it did lower the decedent's vitality making it difficult for him to withstand the attack. The Court concluded the injury concurred with and contributed to the pneumonia.

The *Beauchamp* view has been adopted in 2 Restatement, Torts, 2d, § 458, p 499:

"If the negligent actor is liable for another's injury which so lowers the other's vitality as to render him peculiarly susceptible to a disease, the actor is also liable for the disease which is contracted because of the lowered vitality."

The comment following the above quoted section is instructive as to the extent the rule applies:

"The rule stated in this Section applies not only where lowering of the other's vitality is so serious that it constitutes an injury which by itself would make the negligent actor liable, *but also where it is so slight that but for the subsequent disease there would be no actionable injury.* It therefore concerns both the measure of damages recoverable and the existence of liability." (Emphasis supplied.) 2 Restatement, Torts, 2d, § 458, p 500, Comment d.

The appellant testified to a number of factors that weakened his constitution and made him more susceptible to illness. As a result of his own injuries the appellant suffered severe chest and back pains that made it difficult to obtain more than four or five hours of sleep per night.

The appellant further explained that he was extremely concerned with his son's condition. He visited the hospital daily for periods of approximately eight hours. He ate irregularly, catching meals when possible at the hospital cafeteria.

The appellant's doctor testified that the incubation period of microplasma pneumonia, the type of pneumonia acquired by the appellant, was 9 to 12 days. She explained that this strain of pneumonia was contractable through air droplets entering via the respiratory tract. The virus was not incurable through an open wound.

The doctor further stated that irregular eating and sleeping could not cause the illness, but could reduce the appellant's vitality. This would make it more difficult for the appellant to withstand illness, as well as causing the virus to become more virulent. She explained as follows:

"It's very hard to say this is caused by the accident. Why don't we just say like this? Anybody can get a virus, anybody, a healthy person, rich or poor can get an accident whether they eat or not, I'm sorry, virus. *Now is it possible for you to fight a virus? Sure, it is, if*

*you're very healthy, if you're well rested, if you're eating properly, I say if you're rich and if you're able to eat properly your chances of fighting a virus is* [sic] *greater than a poor man who hardly eats and doesn't get any rest and only* [sic] *does his work every day 24 hours a day if possible, then his resistance is lower to fight the virus. Okay. Now is it possible that Mr. Selewski was not eating properly and he got the virus and the virus became more virulent and, therefore, he ended up with pneumonia? It is very possible."* (Emphasis supplied.)

The appellant's reduced vitality does not appear to have been the result of a serious injury, as in the typical lowered vitality cases. See *Beauchamp v Saginaw Mining Co, supra, Hazelwood v Hodge,* 357 SW2d 711 (Ky App, 1961), *Wallace v Ludwig,* 292 Mass 251; 198 NE 159 (1935), *Anderson v Anderson,* 188 Minn 602; 248 NW 35 (1933). However, in view of the commentary in 2 Restatement, Torts, 2d, § 458, pp 499–500, we are of the opinion that the jury could have found the appellant suffered a slightly lowered vitality resulting from severe aches and pains which prohibited him from achieving normal and restful sleep. This factor, coupled with the appellant's anxiety, irregular eating habits, and hospital vigil due to his son's injuries, was sufficient for the jury to have found that the appellant's weakened vitality either diminished his capacity to withstand the virus, or caused the virus to become more virulent.

We conclude that the jury could have determined that the appellee's negligence concurred with and contributed to the attack of pneumonia. See *Beauchamp v Saginaw Mining Co, supra,* 174.

While we may have concurred with the circuit judge in his findings, nonetheless the finding of the proximate cause of injury is within the province of the jury.

The circuit court is reversed and the action is

remanded to the district court for entry of judgment. Costs to appellant.

M. F. CAVANAGH, J., concurred.

D. T. ANDERSON, J. *(dissenting)*. I respectfully dissent.

Undoubtedly, if plaintiff's weakened, run-down condition had been caused by his physical injuries, there would be evidence to sustain the jury's verdict.

However, a careful reading of the entire transcript reveals no evidence whatever that he could not sleep, eat or rest due to his physical injuries, thus contributing to a debilitated condition permitting the development of the virus to a greater degree than otherwise probable.

Rather, the only evidence as to the cause of his weakened or more susceptible condition, relates to natural worry and concern about his son and wife. Plaintiff states it clearly on page 93 of the transcript:

"I was not eating properly, I wasn't sleeping, I was worried for the condition of my son and my wife. I'd wake up in the middle of the night and I couldn't go back to sleep. I would go to the hospital, be worried about my son, and I would have just like snacks. I wouldn't eat regular dinners or whatever, and I felt completely rundown."

There are other references in the transcript to eating and sleeping, but none attribute these problems to the physical injury or discomfort suffered by plaintiff.

To permit worry and concern and emotional distress, resulting in this case in irregular meals and loss of sleep, to be a basis for a cause of action

over and above that recognized as legitimate in *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), is to open wide the floodgates of litigation.