MILLER v COOK

Docket No. 78-407. Submitted October 5, 1978, at Lansing.—Decided November 7, 1978. Leave to appeal denied, 406 Mich 890.

Plaintiffs Phillip and Maxine Miller brought an action for themselves and on behalf of Rodney Miller, their son, against North Adams High School, its superintendent and principal, George Cook, one of its teachers, the North Adams School District and the North Adams Board of Education and its individual members for damages arising out of an alleged assault and battery upon their son by Mr. Cook. One cause of action was for anxiety, emotional upset and distress suffered by the parents as a result of the injuries sustained by their son. Phillip and Maxine Miller did not allege in their claim that they were present at the occurrence of that assault and battery or that they became aware of it at a time fairly contemporaneous with it. Defendants moved for a partial summary judgment as to this claim for failure to state a claim for which relief can be granted. The Hillsdale Circuit Court, Kenneth G. Prettie, J., granted defendants' motion. Plaintiffs appeal. *Held:*

There is no cause of action in Michigan for damages for mental anguish sustained upon learning of an intentional tort committed at a noncontemporaneous time upon an immediate family member.

Affirmed.

Torts—Intentional Torts—Causes of Actions—Mental Anguish—Immediate Family.

A cause of action does not exist in Michigan for damages for mental anguish sustained upon learning of an intentional tort committed at a noncontemporaneous time upon an immediate family member.

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,* for plaintiffs.

Reference for Points in Headnote
38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 36-39.

*Patch, Rosenfeld, Potter & Grover, P.C.* (by *Dennis E. Whedon),* for defendants.

Before: V. J. BRENNAN, P.J., and ALLEN and P. F. O'CONNELL,* JJ.

ALLEN, J. In this cause, plaintiffs-appellants ask that the limitations set forth in *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), on the right of parents to recover damages for emotional injury sustained upon learning of injury to the child,[1] be held inapplicable where the injury to the immediate family member is caused by an intentional tortfeasor as distinguished from a negligent tortfeasor. This issue of first impression comes to us following the trial court's January 23, 1978, order granting partial summary judgment in favor of all defendants and against plaintiffs Maxine Miller and Phillip Miller as parents of Rodney Miller.

On December 10, 1976, plaintiff Rodney Miller, then age 15, was attending a physical education class at the North Adams High School. The classroom teacher was defendant George Cook. Plaintiffs' complaint alleges that at said time and place, defendant Cook, after first striking Rodney Miller in the throat and thereby knocking him down, picked Rodney up by the throat and for more than five minutes beat Rodney's head against the bleachers following which defendant carried Rodney by the throat through the school hallways to the office of the high school principal where Rod-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Gustafson, supra,* held that parents could not recover for their emotional suffering for injuries to their child where the injury to the child was not witnessed by the parents or where the emotional shock to the parents did not occur fairly contemporaneously with the injury to the child. In the instant case the injury to Rodney Miller was not witnessed by the parents nor did it occur fairly contemporaneously.

ney was denied the right to call his parents and denied medical assistance. The reasons for the alleged assault are not set forth in the complaint.

Plaintiff parents then allege that they sustained injuries in that they became emotionally upset and distraught as a result of the injuries suffered by their son. In their brief, the parents admit that they were not present when the assault took place nor did they become aware of the injuries within a time fairly contemporaneous with the alleged assault.

The defendants filed a motion for partial summary judgment under GCR 1963, 117.2(1) against plaintiffs Phillip Miller and Maxine Miller, claiming that, since the parents neither witnessed the assault nor became aware of the assault contemporaneously with its occurrence, the complaint failed to state a claim upon which relief could be granted. After hearing oral argument and reviewing the law on the matter, the trial court granted the motion on January 23, 1978.[2]

The issue of recovery by a plaintiff when a tort is committed upon a family member is thoroughly discussed in two Michigan cases. *Perlmutter v Whitney,* 60 Mich App 268; 230 NW2d 390 (1975), *Gustafson v Faris, supra.* In *Perlmutter,* this Court ruled that "the law does not allow recovery for mental anguish suffered by third persons as a result of their concern for the injuries of others where such third persons were not witnesses to the accident in which those injuries were sustained". 60 Mich App at 273. In *Gustafson,* the rule was softened somewhat by allowing recovery even if the parent was not present, provided that

---

[2] The grant of partial summary judgment did not affect the right of the injured party to recover nor the right of the parents to recover for medical expenses incurred as a result of injuries to the child.

the parent's shock and resulting injury occurred fairly contemporaneously with the injury to the child. In so ruling, this Court adopted, by reference, the limitations on recovery by third persons set forth in Prosser, Torts (4th ed), § 54, pp 334–335.

> *"Some limitations might, however, be suggested.* It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. The action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child, to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date. (Footnotes omitted. Emphasis supplied.)" *Gustafson, supra* at 368–369.

Plaintiff parents contend that the *Gustafson* rule applies only to negligence actions and not to situations where the injury is intentionally inflicted. In support of this position two arguments are advanced: (1) § 435A and § 435B of 2 Restatement of Torts 2nd[3] support such position; and (2) § 54 from Prosser, Torts (4th ed), quoted above, addresses

---

[3] "§ 435 A. Intended Consequences

"A person who commits a tort against another for the purpose of causing a particular harm to the other is liable for such harm if it results, whether or not it is exceptable, except where the harm results from an outside force the risk of which is not increased by the defendant's act.

"§ 435 B. Unintended Consequences of Intentional Invasions

"Where a person has intentionally invaded the legally protected interests of another, his intention to commit an invasion, the degree of his moral wrong in acting, and the seriousness of the harm which he intended are important factors in determining whether he is liable for resulting unintended harm."

itself solely to negligence situations. We disagree on both arguments.

Sections 435 A and B of the Restatement, read in conjunction with the commentary thereto, refer to the scope of damages rather than to unintended harm to third persons. The illustrations accompanying the commentary refer only to the extended harm of the person directly injured. Clearly, said sections concern additional compensatory relief to the person upon whom the original tort was committed—in the case before us, Rodney Miller.

Admittedly, § 54 of Prosser is directed to the negligence situation only. But it does not follow that Prosser would allow damages for emotional distress to nonwitnessing parents. Section 12 of Prosser deals with the intentionally inflicted tort situation and comes to the same conclusion as was subsequently pronounced in *Gustafson, supra.*

"The decisions indicate that recovery in such cases is limited to plaintiffs who are not only present at the time, but are known by the defendant to be present, so that the mental effect can reasonably be anticipated by the defendant. The distinction between the wife who sees her husband shot down before her eyes, and the one who hears about it five minutes later, may be a highly artificial one; but it is perhaps justified by the obvious necessity of drawing a line somewhere short of the widow who learns of the decease ten years afterward, when the genuineness and gravity of her distress may very reasonably be doubted." (Footnotes omitted.) Prosser, Torts (4th ed), § 12, p 61.

In a footnote accompanying the text above quoted Prosser cites *Ellsworth v Massacar,* 215 Mich 511; 184 NW 408 (1921). In that case our Supreme Court held a husband could not recover for the loss of services of his wife who was incapacitated from shock of an assault and battery committed on

the husband but out of the presence of the wife. That decision has not been overruled and was cited with approval in *Perlmutter, supra,* at 272–273.

Finally, we would note that the rationale for imposing limitations on the right of third parties to recover damages for mental anguish is to protect against disingenuous claims. Since the reason for the limitation does not relate to the degree of fault, the dictinction between a negligent or intentional act does not appear appropriate.

In light of the foregoing, we conclude that in Michigan a cause of action does not exist for damages for mental anguish sustained upon learning of an intentional tort committed at a noncontemporaneous time upon an immediate family member. The motion for summary judgment was properly granted.

Affirmed, costs to defendants.