NUGENT v BAUERMEISTER

Docket No. 127010. Submitted December 11, 1991, at Lansing. De-
cided July 20, 1992, at 9:50 A.M. Leave to appeal sought.

Richard G. Nugent, as conservator of the estate of Matthew A.
Nugent, a minor, brought an action in the Genesee Circuit
Court against Chris L. Bauermeister and others, seeking dam-
ages for emotional distress suffered by the minor in witnessing
the death of a friend struck by a pickup truck operated by
Bauermeister. The court, Judith A. Fullerton, J., granted sum-
mary disposition for the defendants, ruling that the plaintiff
had failed to state a claim on which relief could be granted.
The plaintiff appealed.

The Court of Appeals *held:*

A plaintiff may recover damages for emotional distress
caused by observing the negligently inflicted injury of a third
person only if the plaintiff is an immediate member of the
victim's family. It is not reasonably foreseeable that a by-
stander other than a close relative would suffer emotional
distress as a result of witnessing a third person's injury. Per-
mitting recovery by unrelated bystanders would expose defen-
dants to limitless liability, out of proportion to their negligence.
Affirmed.

TORTS — EMOTIONAL DISTRESS — BYSTANDERS.

Recovery for emotional distress caused by observing the negli-
gently inflicted injury of a third person may be had only if the
plaintiff is an immediate member of the victim's family.

*Beltz & Associates* (by *C. Robert Beltz* and *Paul
Jones*), for Frederick Bosco.

*Law Offices of Natinsky & Jaffa* (by *Leonard*

REFERENCES

Am Jur 2d, Fright, Shock, and mental Disturbance §§ 1-3, 16, 23,
24.

Relationship between victim and plaintiff-witness as affecting right
to recover damages in negligence for shock or mental anguish at
witnessing victim's injury or death. 94 ALR3d 486.

*Natinsky),* for Chris L. Bauermeister and Kenneth L. Cook.

Before: WEAVER, P.J., and MacKENZIE and FITZGERALD, JJ.

MacKENZIE, J. Plaintiff Richard G. Nugent, as conservator of the estate of his minor son, Matthew, appeals as of right from an order granting summary disposition in favor of defendants Chris L. Bauermeister and Kenneth L. Cook. We affirm.

The facts of the case are undisputed. Matthew (hereafter plaintiff) and his close friend, Eric John Bosco, were riding their bicycles on the shoulder of M-25 in Bay County when defendant Bauermeister lost control of the pickup truck he was driving. The mirror of the truck grazed but did not hurt plaintiff's elbow. Plaintiff then watched as the truck struck and fatally injured Eric.

Plaintiff's complaint alleged that witnessing the death of his friend, due to defendant Bauermeister's negligent operation of a motor vehicle, caused plaintiff to suffer severe emotional distress. The trial court agreed with defendants that the complaint failed to state a claim and accordingly granted summary disposition under MCR 2.116(C) (8). The sole issue on appeal is whether a person who witnesses the death of a friend has a viable cause of action for emotional and psychological injury. We hold that he does not.

It is undisputed that, in Michigan, a plaintiff may in certain instances recover for mental distress when a third person is injured or exposed to injury by a negligent tortfeasor and the plaintiff is present. The class of persons entitled to such bystander recovery is extremely limited, however. In *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), this Court, quoting from Prosser, Torts

(4th ed), § 54, pp 334-335, adopted the following restrictions for bystander recovery for emotional distress:

> [I]t is . . . obvious that if recovery is to be permitted, there must be some limitation. *It would be an entirely unreasonable burden on all human activity if the defendant who has endangered one man were compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident,* and every distant relative of the person injured, *as well as his friends.* And obviously the danger of fictitious claims, and the necessity of some guarantee of genuineness, are even greater here than before. It is no doubt such considerations that have made the law extremely cautious.
>
>      . . . It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. *The action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child,* to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date. [67 Mich App 368-369. Emphasis added.]

These limitations have consistently been applied by this Court since *Gustafson* was decided. See *Miller v Cook,* 87 Mich App 6; 273 NW2d 567 (1978); *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762; 290 NW2d 76 (1980); *Pate v Children's Hosp of Michigan,* 158 Mich App 120; 404 NW2d 632 (1986); *Wargelin v Sisters of Mercy*

*Health Corp,* 149 Mich App 75; 385 NW2d 732 (1986); *Henley v Dep't of State Hwys & Transportation,* 128 Mich App 214; 340 NW2d 72 (1983); *Detroit Automobile Inter-Ins Exchange v McMillan (On Remand),* 159 Mich App 48; 406 NW2d 232 (1987).

We decline to deviate from *Gustafson* by expanding the class of persons entitled to bystander recovery from immediate family members to close friends of the injured third party. Our research has found two cases in which the bystander plaintiffs sought to recover for emotional distress after witnessing the death of a person who was "like a brother or sister" to them, the claim pleaded in this case. *Kately v Wilkinson,* 148 Cal App 3d 576; 195 Cal Rptr 902 (1984); *Trapp v Schuyler Construction,* 149 Cal App 3d 1140; 197 Cal Rptr 411 (1983). In both cases, recovery was denied. In a somewhat analogous line of cases, bystander recovery has also been denied where the plaintiff claiming emotional distress cohabited with, but was not married to, the injured third party. See *Elden v Sheldon,* 46 Cal 3d 267; 250 Cal Rptr 254; 758 P2d 582 (1988); *Drew v Drake,* 110 Cal App 3d 555; 168 Cal Rptr 65 (1980); *Ferretti v Weber,* 513 So 2d 1333 (Fla App, 1987). But see *Ledger v Tippitt,* 164 Cal App 3d 625; 210 Cal Rptr 814 (1985).

Two rationales are generally advanced for the decision to deny bystander recovery to a plaintiff who is not an immediate family member. The first rationale involves the problem of reasonable foreseeability. Under this analysis, courts have held that it is not reasonably foreseeable that a bystander other than a close relative would suffer emotional distress as a result of witnessing a third party's injury. *Trapp, supra; Drew, supra.* The second rationale involves the need to circumscribe liability, and is typically articulated as a concern

that permitting recovery by bystanders other than close relatives would expose defendants to limitless liability, out of proportion to the degree of the their negligence. See *Thing v La Chusa,* 48 Cal 3d 644; 257 Cal Rptr 865; 771 P2d 814 (1989). In this regard, at least one court has held that the class of persons who may properly seek bystander recovery for emotional distress should be limited to those individuals who are permitted to bring an action under the state's wrongful death statute. *Gates v Richardson,* 719 P2d 193 (Wyo, 1986).

Both rationales are sound and are consistent with the concerns articulated by Prosser, as adopted by this Court in *Gustafson, supra,* and its progeny. Accordingly, we hold that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person only if the plaintiff is an immediate member of the victim's family.

Plaintiff also suggests that he should be allowed to recover for the injuries he suffered as a direct victim of defendant Bauermeister's negligence, i.e., being grazed by the pickup truck and fearing for his personal safety. A fair reading of the complaint discloses that such a claim was not pleaded, however. The trial court did not err in granting summary disposition pursuant to MCR 2.116(C)(8) for plaintiff's failure to state a claim upon which relief could be granted.

Affirmed.