**Cherunda IDEMUDIA, Plaintiff,**

v.

**CONSOLIDATED RAIL CORP., a Pennsylvania Corporation, Defendant.**

**No. 94–73312.**

United States District Court, E.D. Michigan, Southern Division.

April 28, 1995.

---

Hatchett, DeWalt & Hatchett, Pontiac, for plaintiff.

Joseph J. McDonnell, Gregory A. Clifton, Durkin, McDonnell & Clifton, Detroit, for defendant.

---

1. The accident permanently injured Michael and he was compensated by defendant by a substantial monetary settlement entered into prior to the filing of this case.

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FEIKENS, District Judge.

### I. *Background*

This opinion addresses defendant's motion for summary judgment. On September 30, 1991, plaintiff's nephew, Michael McVay, was attempting to leap on to a moving train on the east side of Detroit. He failed in his attempt and his leg was completely severed by the train.[1] Soon after the accident plaintiff's sister and Michael's mother, Michelle McVay, called plaintiff at home and asked her to go to the scene to assist and comfort Michael. Plaintiff immediately set out to find Michael with her two young children. When plaintiff arrived at the scene she was told that her injured nephew and his severed leg were being loaded into an ambulance. After she confirmed these facts she followed the ambulance to the hospital.

According to plaintiff, at the time of the accident Michael lived two blocks from plaintiff and frequently visited her home, she included Michael in all of her family outings and allegedly treated him as she would one of her own children. This claimed closeness deepened the trauma plaintiff suffered when she saw Michael's injuries and she now sues defendant for negligent infliction of emotional distress (NIED). Plaintiff states that as a result of the trauma she was unable to work, was under the treatment of a psychiatrist for two years and that she continues to suffer the effects of the psychological injuries sustained at the accident scene.

Defendant admits liability in the underlying accident for purposes of this motion. Defendant argues, however, that summary judgment is proper in this case for two reasons: (1) plaintiff is not an immediate family member and, therefore, cannot recover for NIED; and (2) even if she were an immediate family member, her arrival at the accident scene was not sufficiently contemporaneous with the accident.

## II. *Analysis*

■ Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56. This is a diversity action; therefore the court must examine Michigan law on NIED. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When no state cases address the issue presented, a federal court must use its best judgment to decide what courts in that state would hold if faced with the issue. *Spence v. Miles Laboratories, Inc.,* 37 F.3d 1185, 1188 (6th Cir.1994); *Tennessee River Pulp & Paper Co. v. Eichleay Corp.,* 708 F.2d 1055, 1057 (6th Cir.1983).

■ "It is undisputed that in Michigan, a plaintiff may in certain instances recover for mental distress when a third person is injured or exposed to injury by a negligent tortfeasor...." *Nugent v. Bauermeister,* 195 Mich.App. 158, 159, 489 N.W.2d 148 (1992). No Michigan courts have addressed whether there are circumstances in which an aunt or uncle may recover for a niece or nephew's injury. Michigan courts which have considered what category of persons is entitled to "bystander recovery" limit the class to husbands, wives, parents and siblings. *Gustafson v. Faris,* 67 Mich.App. 363, 368, 241 N.W.2d 208 (1976). This limitation first arose in *Gustafson,* in which the court cited with approval a passage from Prosser, Torts (4th ed) § 54 at 334–335:

> It is clear that the injury threatened or inflicted upon the third person must be a serious one,.... The action might, at least initially, well be confined to members of the immediate family of the endangered, or perhaps to husband, wife, parent or child, to the exclusion of mere bystanders, and remote relatives.

*Gustafson,* 67 Mich.App. at 368, 241 N.W.2d 208.

In *Nugent* the Michigan Court of Appeals denied recovery for a best friend and advanced two reasons for refusing to expand NIED recovery beyond the immediate family members expressly mentioned in the Prosser quote. *Nugent,* 195 Mich.App. at 161, 489 N.W.2d 148. First, there is no reasonable foreseeability that a party other than an immediate family member will suffer emotional distress at the sight of a third party's injury; and, second, if recovery is not limited, a defendant may be exposed to limitless liability, out of proportion to his negligence. *Id.* at 161, 489 N.W.2d 148. Thus, Michigan courts look to the traditional tort concept of foreseeability of harm to limit a defendant's potential liability. Simply put, if the emotional injury was not foreseeable, because plaintiff was not an immediate family member, defendant did not breach the duty of care it owes plaintiff.

This approach is consistent with judicial decisions in other jurisdictions. *See Trombetta v. Conkling,* 82 N.Y.2d 549, 554, 605 N.Y.S.2d 678, 626 N.E.2d 653 (N.Y.1993) (Niece cannot recover damages for NIED. "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences.... The problem for the law is to limit the legal consequences of wrongs to a controllable degree." (citations omitted)); *Elden v. Sheldon,* 46 Cal.3d 267, 250 Cal. Rptr. 254, 260, 758 P.2d 582, 588 (1988) (An unmarried co-inhabitant cannot recover damages for emotional distress because "the problems of multiplication of actions and damages that would result from such an extension of liability would place an intolerable burden on society." (citations omitted)).

Several jurisdictions have extended the class of individuals who may recover for NIED beyond those expressly mentioned in *Gustafson. See Garcia v. San Antonio Housing Authority,* 859 S.W.2d 78 (Tex.Ct. App.1993); *Leong v. Takasaki,* 55 Haw. 398, 520 P.2d 758 (1974). In *Garcia* the court stated that an uncle may recover for NIED under a bystander recovery theory. The court said to recover he must meet the test for "closely related" which means "relatives residing in the same household, or parents, siblings, children and grandparents of the victim." *Garcia,* 859 S.W.2d at 81, *quoting Thing v. La Chusa,* 48 Cal.3d 644, 257 Cal. Rptr. 865, 880 n. 10, 771 P.2d 814, 829 n. 10 (Cal.1989). Similarly, in *Leong* the court stated that the absence of a blood relation-

ship does not foreclose a step-grandson from recovering for emotional distress after seeing his step-grandmother killed because "Hawaiian and Asian families ... have long maintained strong ties among members of the same extended family group." *Leong,* 520 P.2d at 766. Although these courts have enlarged the class of persons entitled to bystander recovery, it is clear that whether the relative's emotional harm was foreseeable is of paramount concern.

In view of Michigan precedent, and the above-mentioned cases, this court must decide whether defendant could have reasonably foreseen that plaintiff would suffer emotional trauma due to its tortious actions. This legal question must not be given its literal meaning; if this was done, even the casual observer of a terrible accident would fall into the class of persons able to collect emotional damages. Instead, it is necessary to balance the certain emotional trauma plaintiff, and everyone who saw Michael's accident, suffered with the idea that defendant's liability must be limited. To do this I must decide whether plaintiff is Michael's immediate family member.

Plaintiff argues that Michigan courts would answer this question in the affirmative, because the Prosser quote in *Gustafson* is phrased in the disjunctive; therefore, implicit in the quote is the idea that "immediate family" may extend beyond those people mentioned.

Although plaintiff's argument is facially interesting, I conclude that Michigan courts would deny bystander recovery to plaintiff. This conclusion is appropriate in light of the current law. There are no Michigan cases which allow recovery for any persons other than those expressly mentioned in *Gustafson.* Michigan courts stringently follow the limitations enunciated in *Gustafson. See Lingle v. Berrien Co.,* 206 Mich.App. 528, 522 N.W.2d 641 (1994); *Nugent,* 195 Mich.App. at 162, 489 N.W.2d 148 (best friend cannot recover); *Wargelin v. Mercy Health Corp.,* 149 Mich. App. 75, 86, 385 N.W.2d 732 (cautions against broad reading of holding that allowed bystander recovery for parents of still-born child). *Spence,* 37 F.3d at 1188. Therefore, I hold that plaintiff is not Michael's immedi-

ate family member and her emotional injuries were not foreseeable.

There are cases in other states where bystander recovery for close relations is permitted. Such is not the law in Michigan.

Disposition of the immediate family member question in this manner makes discussion of the contemporaneous arrival issue unnecessary.

### III. *Conclusion*

Accordingly defendant's motion for summary judgment is GRANTED. IT IS SO ORDERED.