*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORI TENHOPPEN, Personal Representative of the
ESTATE OF CAROL PEASLEY,

        Plaintiff,

and

HANNA PEASLEY and MAKENA PEASLEY,

        Plaintiffs-Appellants,

v

MAUREEN GLEMBOSKI,

        Defendant-Appellee.

FOR PUBLICATION
August 17, 2023
9:05 a.m.

No. 361181
Kent Circuit Court
LC No. 21-003296-NI

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

BORRELLO, J.

        In this wrongful-death action, plaintiffs-appellants, Hanna Peasley and Makena Peasley,[1] appeal by delayed leave granted[2] the trial court's order granting partial summary disposition under MCR 2.116(C)(8) to defendant-appellee, Maureen Glemboski, on plaintiffs' claim for bystander recovery for negligent infliction of emotional distress. For the reasons set forth in this opinion, we reverse and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

        The scenario which forms the factual basis of this appeal is not in dispute. According to the first amended complaint, the decedent was a passenger in a motor vehicle being driven by

---

[1] For purposes of this opinion, we will refer to Hanna and Makena collectively as "plaintiffs."

[2] *Estate of Carol Peasley v Maureen Glemboski*, unpublished order of the Court of Appeals, entered October 11, 2022 (Docket No. 361181).

defendant. Defendant ran a red light resulting in a motor vehicle crash. The decedent suffered severe injuries and subsequently died within a few weeks of the accident. Plaintiffs are the decedent's granddaughters. They were in a motor vehicle directly behind the vehicle carrying the decedent, and they witnessed the accident.

In Count 2 of the first amended complaint, plaintiffs brought a claim for bystander recovery based on negligent infliction of emotional distress. Defendant moved for summary disposition of this claim under MCR 2.116(C)(8), arguing that Michigan does not recognize a claim for bystander recovery by grandchildren because bystander recovery is limited to "immediate family members," which is in turn limited to spouses, children, parents, and siblings. The trial court granted summary disposition on this basis. We granted interlocutory leave to appeal.

The issue before this Court is narrow: are grandchildren and grandparents "immediate family members" for purposes of bystander recovery for negligent infliction of emotional distress. For the reasons set forth more fully *infra*, we conclude grandchildren and grandparents are immediate family members for purposes of bystander recovery for negligent infliction of emotional distress.

## II. STANDARD OF REVIEW

The issue presented is one of law that we review de novo. See *2000 Baum Family Trust v Babel*, 488 Mich 136, 143; 793 NW2d 633 (2010). Our review of a trial court's decision on a motion for summary disposition is also de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is warranted under MCR 2.116(C)(8) if the "opposing party has failed to state a claim on which relief can be granted." When considering a motion under MCR 2.116(C)(8), the "trial court must accept all factual allegations as true, deciding the motion on the pleadings alone," and the motion "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

## III. ANALYSIS

This Court has recognized that "in Michigan, a plaintiff may, in certain instances, recover for mental distress when a third person is injured or exposed to injury by a negligent tortfeasor and the plaintiff is present," but the "class of persons entitled to such bystander recovery is extremely limited . . . ." *Nugent v Bauermeister*, 195 Mich App 158, 159; 489 NW2d 148 (1992). In *Nugent*, we generally defined the limited class of persons entitled to bystander recovery for negligent infliction of emotional distress, holding that "a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person only if the plaintiff is an immediate member of the victim's family." *Id*. at 162. This Court in *Nugent* explained as follows:

> In *Gustafson v Faris*, 67 Mich App 363[, 368-369]; 241 NW2d 208 (1976), this Court, quoting from Prosser, Torts (4th ed), § 54, pp 334-335, adopted the following restrictions for bystander recovery for emotional distress:
>
> > [I]t is . . . obvious that if recovery is to be permitted, there must be some limitation. *It would be an entirely unreasonable*

*burden on all human activity if the defendant who has endangered one man were compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident*, and every distant relative of the person injured, *as well as his friends*. And obviously the danger of fictitious claims, and the necessity of some guarantee of genuineness, are even greater here than before. It is no doubt such considerations that have made the law extremely cautious.

. . . It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. *The action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child*, to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date. [*Nugent*, 195 Mich App at 159-160 (alteration and ellipses in original).]

The "sole issue" that was before this Court in *Nugent* was "whether a person who witnesses the death of a *friend* has a viable cause of action for emotional and psychological injury." *Id*. at 159 (emphasis added). We held that this question must be answered in the negative, *id*., and we "decline[d] to deviate from *Gustafson* by expanding the class of persons entitled to bystander recovery from immediate family members to close friends of the injured third party," *id*. at 161. As such, in *Nugent*, we did not address the question presently before us: whether a grandchild has a viable cause of action for emotional and psychological injury based on witnessing the negligently inflicted severe injury of the grandchild's grandparent. However, what we do glean from our opinion in *Nugent*, is that the answer to this question depends on whether a grandchild is considered "an immediate member of the [grandparent] victim's family." *Id*. at 162.

Further, we do not glean from the statement in *Nugent*, adopted from Prosser, that the "*action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child*, to the exclusion of mere bystanders, and remote relatives" to constitute any definitive, concrete definition of the class of "immediate" family members authorized to bring such an action for bystander recovery. *Id*. at 160 (quotation marks and citations omitted). Our use of the words "might" and "perhaps," generally used to convey uncertainty or a mere possibility, supports such a conclusion. Additionally, as previously alluded to, there is no language in *Nugent* providing a definitive definition of an "immediate" family member.

Following our review of *Gustafson* and *Nugent*, we find no decision by a Michigan appellate court directly answering the specific question whether a grandchild or grandparent is an immediate family member for purposes of a bystander claim of negligent infliction of mental distress. Nor do we find any Michigan appellate court decision definitively defining an exclusive

-3-

set of members constituting the "immediate" family for purposes of a bystander claim. It thus appears that we are presented with an issue of first impression in Michigan.

To answer this question, we begin with the two rationales this Court provided in *Nugent* in support of our holding that recovery of a bystander claim of negligent infliction of emotional distress is limited to immediate family members of the victim:

> Two rationales are generally advanced for the decision to deny bystander recovery to a plaintiff who is not an immediate family member. The first rationale involves the problem of reasonable foreseeability. Under this analysis, courts have held that it is not reasonably foreseeable that a bystander other than a close relative would suffer emotional distress as a result of witnessing a third party's injury. The second rationale involves the need to circumscribe liability, and is typically articulated as a concern that permitting recovery by bystanders other than close relatives would expose defendants to limitless liability, out of proportion to the degree of the their [sic] negligence. See *Thing v La Chusa*, 48 Cal 3d 644; 257 Cal Rptr 865; 771 P2d 814 (1989). In this regard, at least one court has held that the class of persons who may properly seek bystander recovery for emotional distress should be limited to those individuals who are permitted to bring an action under the state's wrongful death statute. *Gates v Richardson*, 719 P2d 193 (Wyo, 1986).
>
> Both rationales are sound and are consistent with the concerns articulated by Prosser, as adopted by this Court in *Gustafson*, *supra*, and its progeny. Accordingly, we hold that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person only if the plaintiff is an immediate member of the victim's family. [*Nugent*, 195 Mich App at 161-162 (some citations omitted).]

In *Gates*, the Wyoming Supreme Court determined that the state's wrongful death statute provided a "rational and workable limit" for the class of plaintiffs that could recover on a bystander claim because that statute reflected the legislative expression of the community's determination regarding the persons who may recover for wrongful death. *Gates*, 719 P2d at 198-199. We find the reasoning in *Gates* persuasive. Examination of Michigan's wrongful death statute reveals that the "person or persons who may be entitled to damages" is "limited" to a defined list of people "who suffer damages and survive the deceased." MCL 600.2922(3). This list includes the "deceased's spouse, children, descendants, parents, *grandparents*, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased." MCL 600.2922(3)(a) (emphasis added).[3]

---

[3] Other Michigan statutes likewise support broadening the scope of who constitutes an "immediate family member" to include grandchildren and granparents. See, e.g., MCL 257.401(3) (referring to "spouse, father, mother, brother, sister, son, daughter, or other immediate family member" for purposes of the owner's liability statute); MCL 722.27(1)(b) (permitting a circuit court in a child

Review of additional decisions from appellate courts across the country indicate that grandchildren and grandparents are immediate family members for purposes of bystander recovery for negligent infliction of mental distress. See, e.g., *Greene v Esplanade Venture Partnership*, 36 NY3d 513, 526; 168 NE3d 827 (2021) (concluding that "a grandchild is the 'immediate family' of a grandparent" and thus comes "within the 'narrow avenue to bystander recovery' ") (citation omitted); *Bowen v Lumbermens Mut Cas Co*, 183 Wis 2d 627, 657; 517 NW2d 432 (1994) ("The court concludes that a tortfeasor may be held liable for negligent infliction of emotional distress on a bystander who is the spouse, parent, child, grandparent, grandchild or sibling of the victim."); *Garcia v San Antonio Housing Auth*, 859 SW2d 78, 81 (Tex App, 1993) ("Parents, siblings, children, and grandparents can recover as bystanders even if they did not reside with the injured person; other relatives must prove residence."); *Folz v State*, 110 NM 457, 468-469; 797 P2d 246 (1990) (stating with respect to a bystander claim that there "must be a marital or intimate family relationship between the victim and the plaintiff, limited to husband and wife, parent and child, grandparent and grandchild, brother and sister, and to those persons who occupy a legitimate position in loco parentis."); *Thing*, 48 Cal 3d at 668 n 10 ("Absent exceptional circumstances, recovery should be limited to relatives residing in the same household, or parents, siblings, children, and grandparents of the victim.").[4]

In reaching our conclusion, we are mindful of the "requirement that the bystander be a close family member reflects a pragmatic recognition that a line must be drawn and that witnessing physical injury to a close family member will, in general, cause a more serious shock than if the injured party is not related." Restatement Torts, 3d, § 48. Furthermore,

> Sometimes people live functionally in a nuclear family without formal legal family ties. When defining what constitutes a close family relationship, courts should take into account changing practices and social norms and employ a functional approach to determine what constitutes a family. [*Id*.]

Our decision specifically considers and reflects the changing practices and social norms of what and who constitute a close family relationship. We are mindful of the myriad of cases presented to this Court wherein grandchildren are being raised by their grandparents. And those class of cases are increasing at a seemingly exponential rate. Recently, our Supreme Court enlarged the class of people who may constitute a parent. In *Pueblo v Hass* , ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 164046); slip op at 1, our Supreme Court held that a former partner who was unconstitutionally denied the right to marry in a same sex relationship may sue for custody of a child with whom the "former parent shares no biological relationship." Accordingly, we reiterate our previous observation that "devising one hard and fast rule for limiting bystander recovery in mental suffering cases would be difficult and complex if not impossible." *Toms v McConnell*, 45 Mich App 647, 655; 207 NW2d 140 (1973). Hence,

---

custody dispute to provide for grandparenting time; MCL 722.27b (providing procedures for a grandparent to seek grandparenting time).

[4] "Decisions from other states are not binding on this Court, but they can be considered persuasive." *Johnson v Johnson*, 329 Mich App 110, 124 n 8; 940 NW2d 807 (2019).

we need not and indeed should not attempt to pose and solve a myriad of hypothetical factual situations relative to cases of this nature which may or may not arise in the future. The problem of limiting liability will be best surmounted and will be more justly resolved for all concerned by treating each case on its own individual facts. [*Id.*]

Though our finding is limited to concluding that grandparents and grandchildren are among the class of immediate family members for purposes of bystander recovery for negligent infliction of emotional distress, such a conclusion, according to defendants, will burden defendants and the court system alike by forcing defendants and our courts to ascertain all manner of relationships among family members in order to determine who constitutes an immediate family member. What is needed, defendants assert, is a simple bright-line test to ensure their clients and our courts are not unduly burdened, which of course does not include grandparents or grandchildren. Taking this argument to its logical extreme, if the only purpose of our law was to unburden the court system and defendants in tort cases, then, as pointed out by the Wyoming Supreme Court, "we would reach the zenith of judicial achievement simply by closing the courts to all litigants and allowing all wrongs to come to rest on innocent victims." *Gates*, 719 P2d at 197.

Rather than reach such an absurd result, we choose to take an approach which is consistent with the nature of the common law, which is "always a work in progress and typically develops incrementally, i.e., gradually evolving as individual disputes are decided and existing common-law rules are considered and sometimes adapted to current needs in light of changing times and circumstances." *Price v High Pointe Oil Co, Inc*, 493 Mich 238, 243; 828 NW2d 660 (2013).

For the reasons stated *supra*, we conclude that our State's jurisprudence treats grandparents and grandchildren as immediate family members, hence they are included in that class of individuals for purposes of bystander recovery for negligent infliction of emotional distress.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. Plaintiffs having prevailed are entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Christopher P. Yates
/s/ Sima G. Patel