HENLEY v DEPARTMENT OF STATE HIGHWAYS AND
TRANSPORTATION

Docket No. 60924. Submitted April 5, 1983, at Lansing.—Decided
August 17, 1983. Leave to appeal denied, 418 Mich 965.

David A. Henley was injured in an automobile accident alleged to
have been caused by a defective highway condition. David and
his parents, Charles E. and B. Louise Henley, brought an action
for damages against the Department of State Highways and
Transportation in the Court of Claims. The court, Robert
Holmes Bell, J., awarded damages to David Henley for lost
wages, medical expenses, and pain and suffering and to each of
his parents for emotional distress. Plaintiffs sought prejudg-
ment interest of 12% and a declaration that the statutory
provision for 5% postjudgment interest on Court of Claims
judgments was unconstitutional. The trial court denied prejudg-
ment interest but held that the Court of Claims interest provi-
sion violated equal protection and ordered postjudgment inter-
est to be calculated at 12%. Defendant appealed by leave
granted, alleging that the trial court erred by awarding dam-
ages to the parents and in holding the interest statute to be
unconstitutional. Plaintiffs cross-appealed from the denial of
their motion for prejudgment interest. *Held:*

1. Michigan common law does not allow a parent to recover
damages for emotional distress caused by accidental injury to a
child under the circumstances of this case, where the parents
did not learn of the accident until several hours after it

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 195.
   59 Am Jur 2d, Parent and Child § 118.
   Immediacy of observation of injury as affecting right to recover
      damages for shock or mental anguish from witnessing injury to
      another. 5 ALR4th 833.
[2] 22 Am Jur 2d, Damages § 11.
   39 Am Jur 2d, Highways, Streets, and Bridges § 342 *et seq.*
[3] 16A Am Jur 2d, Constitutional Law §§ 749, 750.
[4] 45 Am Jur 2d, Interest and Usury §§ 59, 60.
[5] 20 Am Jur 2d, Courts § 84.
[6] 16A Am Jur 2d, Constitutional Law §§ 667 *et seq.,* 816.

occurred and did not allege that they suffered any physical harm resulting from their emotional distress. Nor does the statute regarding defective highways confer any such right on a parent. The trial court erred in awarding damages to the parents.

2. The statute allowing 5% interest on Court of Claims judgments, rather than the 12% rate allowed for civil actions generally, is not unconstitutional. Not all differences in procedures between the Court of Claims and the circuit courts compel a finding of a denial of equal protection. Statutory interest on a judgment is procedural rather than substantive and the five percent interest provision is not so harsh as to require a finding of a denial of equal protection. The trial court erred in so finding and in awarding interest at 12%, rather than 5%.

3. Similarly, the Court of Claims interest provision does not deny the plaintiffs due process of law, since they have no vested property rights in the interest.

Reversed.

1. TORTS — PARENT AND CHILD — EMOTIONAL DISTRESS.

A parent may not recover damages for emotional distress caused by an accidental injury to a child except where the parent is a witness to the accident or the shock is suffered within moments of the accident and where the parent suffers physical harm as a result of the mental distress.

2. HIGHWAYS — NEGLIGENCE — STATUTES.

The purpose of the statute allowing actions for damages for injuries caused by the defective condition of a highway is to place victims of a highway department's negligence on an equal footing with victims of a private tortfeasor.

3. CONSTITUTIONAL LAW — EQUAL PROTECTION — BURDEN OF PROOF.

A party attacking a statutory classification on equal protection grounds has the burden of showing that the classification lacks a reasonable basis; if a reasonable relationship exists between the classification and a legitimate state interest, no denial of equal protection results.

4. INTEREST — INTEREST ON A JUDGMENT.

Statutory interest on a judgment, as contrasted with interest as an element of damages, is procedural rather than substantive.

5. COURTS — PROCEDURAL REQUIREMENTS.

Procedural requirements are to be upheld by courts unless it can

be demonstrated that they are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of a substantive right.

6. CONSTITUTIONAL LAW — DUE PROCESS — VESTED PROPERTY RIGHTS.
   A plaintiff must have a vested property right in order to invoke the due process guarantees against arbitrary or unreasonable legislation.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *Scott A. Storey),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

PER CURIAM. Plaintiffs, David Henley and his parents, Charles and Louise Henley, commenced this action in the Court of Claims against the defendant Department of Highways, alleging that an automobile accident resulting in severe injuries to David Henley was caused by defective highway conditions. The court awarded David Henley $1,158,903 for lost wages, medical expenses, and pain and suffering. David's parents, who were not involved in the accident, were awarded $100,000 each for their emotional experience.

Plaintiffs moved for prejudgment interest at 12% under the general civil statutory interest provision and a declaration that the Court of Claims statutory interest provision calling for 5% interest from the time of judgment was unconstitutional. The lower court agreed that the Court of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Claims interest provision violated equal protection and ordered that interest be calculated at 12% from the time judgment was entered, but denied prejudgment interest.

Defendant filed an application for delayed appeal from the award of damages to the parents and from the court's ruling that the Court of Claims statutory interest provision was unconstitutional. This Court granted defendant's motion for delayed appeal on January 22, 1982. Plaintiffs cross-appeal from the court's denial of their motion for prejudgment interest from the time the complaint was filed.

The circumstances of the accident are not is dispute or at issue on appeal. Accordingly, the parties stipulated to a limited trial transcript for purposes of appeal. David was 22 years old at the time of the accident and was not living at the home of his parents in East Lansing. On May 1, 1978, he was a passenger in a 1974 Chevy pickup truck traveling south on US-27 in Clinton County. While passing another vehicle, the truck's left wheels went onto the unpaved left side shoulder of the road. Apparently because the shoulder was about three to eight inches lower than the pavement, the driver was unable to steer the truck back onto the pavement and lost control. The driver was killed in the accident. Plaintiff David Henley suffered a spinal cord injury which has left him paralyzed in his legs and partially paralyzed in his arms. He now lives at his parents' home in East Lansing.

The first issue for our consideration is whether Michigan common law allows a parent to recover for emotional distress caused by accidental injury to a child under the facts of this case. We hold it does not.

In *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), this Court held that the parents of a five-year-old boy killed in an accident could not recover for their mental distress and resulting physical harm because the injury to the parents was not "fairly contemporaneous" with the accident. The Court adopted the limitations on actions to recover for emotional distress found in Prosser, Torts (4th ed), § 54, pp 334-335:

" *'Some limitations might, however, be suggested.* It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. The action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child, to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date.' (Footnotes omitted. Emphasis supplied.)" *Gustafson, supra,* pp 368-369.

The Court looked to California law to define "fairly contemporaneous":

"In determining what the term 'fairly contemporaneous' means, guidance is found in the decisions of a sister state wherein the standard has been previously applied. In *Powers v Sissoev,* 39 Cal App 3d 865; 114 Cal Rptr 868 (1974), the Court of Appeals for California held that a mother could not recover for emotional distress which resulted in seeing her daughter some 30 to 60 minutes after the occurrence of an accident. The Court reasoned that the circumstances under which the mother saw her child were not materially different from the circumstances undergone by virtually all parents whose children have been injured in accidents

which the parents did not witness. In the earlier case of *Archibald v Braverman,* 275 Cal App 2d 253; 79 Cal Rptr 723 (1969), the California Court of Appeals held that a mother who viewed her son's injuries from an explosion within moments after the allegedly negligent accident occurred had a cause of action for emotional distress and resulting physical injury in spite of the fact that she did not witness the actual incident." *Gustafson, supra,* pp 369-370.

In this case David's parents did not learn of the accident until at least five hours later. They first saw him at the hospital. Clearly the *Gustafson* requirement that they witness the accident or be on the scene moments later was not met. In addition, they did not plead or testify that either of them had suffered any physical harm resulting from their emotional distress. Mr. and Mrs. Henley did not have a cause of action to recover for their mental suffering. Plaintiffs argue that defendant is precluded from raising this argument on appeal since it was not raised below. We disagree. Review of the lower court record indicates that defendant apparently did raise this issue below. In plaintiffs' answer in opposition to defendant's motion for a rehearing after judgment was rendered, plaintiffs state:

"Defendant's motion for rehearing raises no new issues. Rather, it cites *Miller v Cook,* 87 Mich App 6; 273 NW2d 567 (1978) and *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), apparently arguing again that a family member does not suffer compensable injury unless he or she views the infliction of an injury upon a loved one. The same argument was raised in defendant's prior arguments and motions. As plaintiffs noted in prior argument, the recent Michigan Supreme Court decision of *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981), significantly altered the law in Michigan, eliminating the strict rule that a family

member must actually witness the infliction of a loved one's injury prior to recovery."

The second issue on appeal is whether MCL 691.1402; MSA 3.996(102), the defective highway statute, would allow plaintiff parents to recover for emotional distress. The purpose of MCL 691.1402; MSA 3.996(102) is to place victims of a highway department tortfeasor on an equal footing with victims of a private tortfeasor. *Forest v Parmalee,* 402 Mich 348; 262 NW2d 653 (1978). We hold this issue to be moot however, since, as discussed above, plaintiff parents do not even have an action for mental distress against a private tortfeasor under common law.

The final issue on appeal is whether MCL 600.6455; MSA 27A.6455 is unconstitutional because it provides for only 5% interest from the time of judgment on awards recovered in the Court of Claims rather than the 12% rate prescribed for civil actions generally under MCL 600.6013; MSA 27A.6013. Our holding in issue one above makes this issue moot as to plaintiff parents but not as to plaintiff David Henley.

The trial court, relying on the rationale of *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972), held that the five percent interest rate of MCL 600.6455 was unconstitutional because it treated tort victims of private tortfeasors differently from tort victims of governmental tortfeasors. In *Reich,* the Supreme Court held that a 60-day notice requirement of the general highway statute acted as a special statute of limitations and denied victims of governmental tortfeasors equal protection because victims of private tortfeasors had three years in which to bring suit. However, it is clear that not all differences between the procedures in the Court of Claims and the circuit court

compel a finding of a denial of equal protection. See *Freissler v State Highway Comm,* 53 Mich App 530; 220 NW2d 141 (1974), *lv den* 393 Mich 757 (1974) (statutory requirement that claims against the state in the Court of Claims be heard by a judge without a jury not a denial of equal protection).

In *Forest v Parmalee, supra,* the Supreme Court was faced with the question of whether the two-year period of limitation applicable to suits brought against governmental tortfeasors for injuries resulting from negligently maintained highways violated equal protection because the comparable period of limitation applicable to the same suits brought against private tortfeasors was three years. The Supreme Court held that the two-year period of limitation did not violate equal protection:

"Plaintiffs have presented us with no cogent showing that the instant statute of limitations has operated arbitrarily or capriciously in barring their causes of action. The law has long held that, in creating a right, the Legislature may place reasonable restrictions on the exercise of that right. *Bement v Grant Rapids & I R Co,* 194 Mich 64; 160 NW 424 (1916). In giving plaintiffs the right to sue the state, *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953), the Legislature placed a specific time limit on plaintiffs' exercise of that right. This time limit is neither arbitrary nor capricious. Therefore, it cannot be said that it violates equal protection of the law." 402 Mich 361-362.

The *Forest* Court set forth the general principles for reviewing an alleged equal protection violation as follows:

"A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrat-

ing that the classification lacks a reasonable basis. If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection results." (Footnote omitted.) 402 Mich 356.

The Court further stated that procedural requirements "are to be upheld by courts unless it can be demonstrated that they are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right". 402 Mich 359. Statutory interest on a judgment, as contrasted with interest as an element of damages, is procedural rather than substantive. *Denham v Bedford,* 407 Mich 517, 529-530; 287 NW2d 168 (1980); *Dittus v Geyman,* 68 Mich App 433, 438-439; 242 NW2d 800 (1976).

Clearly in this case plaintiffs cannot show that the five percent interest provision of MCL 600.6455 is so harsh as to divest them of access to the courts. Nor are we convinced that plaintiffs have shown that the classification lacks a reasonable basis. The state has a legitimate interest in preserving public funds and setting up a comprehensive plan to effectuate the Legislature's limited waiver of liability. We hold the trial court erred in finding that MCL 600.6455 violated plaintiffs' right to equal protection.

Plaintiffs also argue that MCL 600.6455 operates to deny them due process of law. While the trial court did not address this issue, we hold it is without merit. Due process guarantees against arbitrary or unreasonable legislation. *Grubaugh v City of St Johns,* 384 Mich 165; 180 NW2d 778 (1970). However, in order for due process protection to come into play, plaintiffs must have a vested property right. *Grubaugh, supra,* pp 170-

171. Plaintiffs in this case did not have a vested property right in the interest since statutory interest is procedural in nature rather than an element of damages. *Denham, supra,* pp 529-530.

Plaintiff David Henley's award should carry five percent interest from the time the judgment was entered.

Reversed.