DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
McMILLAN (AFTER REMAND)

Docket Nos. 79664, 81364. Submitted October 1, 1985, at Detroit.—
Decided February 19, 1986. Leave to appeal applied for.

Tamara McMillan, a minor, was a passenger in a vehicle owned
by her grandfather, with whom she lived, and driven by her
boyfriend, when it was struck by an unknown vehicle, injuring
her. Her mother, Patricia McMillan, individually and as Ta-
mara's parent and guardian, demanded arbitration under in-
surance policies issued by Detroit Automobile Inter-Insurance
Exchange. One policy was issued to Patricia McMillan and the
other to Tamara's grandfather. The arbitration panel ruled
that the policies could be stacked and awarded $5,000 to
Patricia McMillan individually and $35,000 to her as parent
and guardian of Tamara. DAIIE moved in Wayne Circuit Court
to modify or vacate the award, but the court denied the motion
and affirmed the award. DAIIE appealed and the Court of
Appeals affirmed, 97 Mich App 687 (1980). DAIIE sought leave
to appeal but the Supreme Court, in lieu of granting leave,
reversed and remanded to the circuit court for entry of a
judgment conforming with a recent Supreme Court decision.
417 Mich 946 (1983). Defendant, Patricia McMillan, petitioned
the Supreme Court for reconsideration, claiming that both
mother and daughter were "damaged parties" and that the
mother's insurance policy provided $20,000 limits for each of
them. The Supreme Court denied reconsideration. Thereafter,
the circuit court, Susan D. Borman, J., held that defendant
could recover, on behalf of her daughter, only from the grand-
father's policy and that recovery was limited to $20,000. The
trial court subsequently ruled that DAIIE should also pay the
$5,000 individual award to defendant. Both plaintiff and defen-
dant appealed, and the appeals were consolidated. *Held:*

Defendant's motion for reconsideration before the Supreme

REFERENCES

Am Jur 2d, Appeal and Error §§ 747-759, 991.

Application of doctrine of law of the case to review by one Federal
Court of Appeals of determination by another Federal Court of
Appeals. 74 ALR Fed 878.

See also the annotations in the ALR3d/4th Quick Index under
Appeal and Error.

Court contained the arguments which defendant subsequently propounded in the trial court. The Supreme Court denied that motion, thereby rejecting the defendant's arguments. The Supreme Court intended that only the $20,000 award to defendant as parent and guardian of Tamara McMillan was to be entered on the remand to the circuit court. That became the law of the case, and the trial court erred in awarding defendant the $5,000 individually. The portion of the trial court's order which awards defendant $5,000 individually is vacated.

Affirmed in part; reversed in part.

WORDS AND PHRASES — LAW OF THE CASE — COURTS.

The doctrine of the law of the case embodies the principle that a decision of an appellate court, unless properly set aside, is controlling in all subsequent stages of litigation; the principle includes the rule that on remand the trial court must strictly follow the mandate of the appellate court.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Charles A. Pfeffer*), and *MacArthur, Cheatham, Acker & Smith* (by *James G. Gross*), of counsel, for plaintiff.

*William L. Fisher,* for defendant.

AFTER REMAND

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. This is a consolidated appeal. Both plaintiff, Detroit Automobile Inter-Insurance Exchange (DAIIE), and defendant, Patricia McMillan, appeal from orders entered by the Wayne County Circuit Court on November 22, 1983, July 25, 1984, and October 24, 1984, that confirmed an arbitration award of $20,000 to defendant for injuries sustained by her minor child in an automobile collision as well as an award of $5,000 to defendant individually.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Tamara McMillan, a minor, was a passenger in a vehicle owned by her grandfather, Clarence Perkins, with whom she lived, and driven by her boyfriend, when it was struck by an unknown vehicle, injuring her. Patricia McMillan, individually and as Tamara's parent and guardian, demanded arbitration under insurance policies issued by DAIIE. One policy was issued to Patricia McMillan and the other to Tamara McMillan's grandfather.

The arbitration panel held that the policies could be stacked despite an "other insurance" clause and other exclusion clauses purporting to deny coverage. The panel awarded $5,000 to Patricia McMillan individually, and $35,000 to Patricia McMillan as parent and natural guardian of Tamara McMillan. DAIIE moved in circuit court to correct or modify or to vacate the award. The court denied the motion and affirmed the award, and this Court affirmed, *DAIIE v McMillan,* 97 Mich App 687; 296 NW2d 147 (1980). However, on application for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed and remanded to the circuit court "for entry of a judgment conforming with *Detroit Automobile Inter-Ins Exchange v Gavin* and *Detroit Automobile Inter-Ins Exchange v Standfest,* 416 Mich 407 [331 NW2d 418] (1982)". 417 Mich 946; 332 NW2d 149 (1983).

Defendant then brought a motion in the Supreme Court for reconsideration, claiming both mother and daughter were "damaged parties" and that the mother's insurance policy provided $20,-000 limits for each of them. By order dated July 21, 1983, the Supreme Court denied defendant's motion for reconsideration "because it does not appear that said order [of reversal and remand] was entered erroneously".

On remand to the circuit court, defendant requested that the court enter judgment in the amount of $25,000 in addition to the $20,000 already received, because plaintiff DAIIE had made an "irremedial mistake of law" in paying $20,000 under the grandfather's policy since her own policy was "primary". In addition to its response in opposition, plaintiff requested an order reducing the arbitration award to the single policy limit of $20,000 and seeking entry of an order of full satisfaction to reflect its previous payment to defendant.

A hearing on both motions was held on September 23, 1983. At that hearing, defendant conceded that the two policies could not be "stacked", that there was only one person physically injured in the accident, that the $5,000 awarded to defendant individually was on her derivative claim, and that plaintiff had paid her $20,000 under Mr. Perkins's policy. Nevertheless, defendant argued that the uninsured motorist coverage under her policy was "primary" by virture of MCL 500.3114; MSA 24.13114 and that she was entitled to $25,000.

At the conclusion of a hearing, the trial court ruled that Mr. Perkins's policy was the only one under which defendant could recover on behalf of her daughter and that recovery was limited to $20,000. As to the mother's allegation of a claim for "bodily injury", the trial court ruled that if the $5,000 award to defendant individually had been for such an injury, she would be entitled to that sum under Perkins's policy. Because the court was unable to determine whether the $5,000 award was for loss of services or for a separate "bodily injury", it remanded the case to the original arbitration panel for the sole purpose of clarifying that point. The court entered an order pursuant to the foregoing on November 22, 1983.

When it was discovered that the arbitration panel could not be reconvened due to the death of a panel member, defendant again moved for entry of a final order in circuit court, requesting confirmation of the $5,000 award individually on the grounds that it was unaffected by the Supreme Court's order.

At the hearing on that motion, the trial court ruled that it would order plaintiff to pay that $5,000 because in its original appeal in 1978, plaintiff had not raised the question of whether the $5,000 award could be upheld as compensating a "bodily injury" sustained by defendant individually. After the court had ruled, defendant attempted to amend her motion orally to request an entirely new arbitration of defendant's individual claim. The trial court denied the request.

On appeal, plaintiff asserts that the court exceeded its authority when it permitted the $5,000 award by the arbitration panel to the defendant individually to stand, above and beyond the $20,-000 award to defendant as parent and natural guardian of the minor child. Defendant contends that the lower court erred because it should have declared primary the defendant's policy instead of the grandfather's, and then should have remanded the mother's mental-anguish claim to a new arbitration panel, allowing the panel to separately award a sum up to the policy limits of $20,000 for this occurrence if the panel so desired.

This Court's review must commence with the Supreme Court's April 19, 1983, order. The order provides:

"Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed and the case is remanded on April 19, 1983, to the Wayne Circuit Court for entry of a judgment conforming with *Detroit Automobile Inter-Ins Exchange v*

*Gavin* and *Detroit Automobile Inter-Ins Exchange v Standfest,* 416 Mich 407 (1982)."

The disposition in the *Gavin* and *Standfest* cases was to (1) set aside the judgment previously entered in the circuit court, (2) reduce the arbitration award to the limits of one policy, (3) confirm that award, and (4) enter judgment accordingly. 416 Mich 445-446.

Defendant brought a motion in the Supreme Court for reconsideration on May 6, 1983. In the motion, defendant insisted that DAIIE's $20,000 payment under Mr. Perkins's policy was a mistake of law, having "no affect *[sic]* whatsoever upon insureds' right to collect the $25,000 due them under the primary (the mother's) policy of insurance". Defendant's motion for reconsideration continued:

"4. The operative facts in instant case are *far different* than in *Gavin* & *Standfest* cases. In instant case there are *two* damaged parties, not *one.* In instant case a *minor* daughter was injured and her mother's insurance policy is *primary.* Same provides $20,000 limits for *each* of them. In *Gavin* & *Standfest* cases there was a stacking question to decide when the Supreme Court made its decision. In instant case insurer *voluntarily* and *at its own risk* rendered moot any stacking question prior to the Supreme Court's decision and likewise the prority question vis-à-vis the two policies.

\* \* \*

"7. Insurer has yet to satisfy a judgment for different benefits under the same insurance policy due the same insureds for the same accident since the same time. On June 30, 1977 Judge Osgood of the 44th District Court found the same insurer guilty of unreasonable delay in making proper payment under the very same policy \* \* \*." (Footnote omitted; emphasis in original.)

Plaintiff opposed the motion on the basis that

only Tamara McMillan suffered "bodily injury" giving rise to the insurance claim and because the policy applicable to the case limited plaintiff's liability to $20,000 "for all damages * * * sustained by one person as the result of any one accident * * *". Defendant maintained her arguments for reconsideration in her reply to this answer. It further merits noting that defendant had also raised the same arguments in this Court.

Nonetheless, by order dated July 21, 1983, the Supreme Court denied the motion for reconsideration "because it does not appear that said order [of April 19, 1983] was entered erroneously". In our opinion, the Supreme Court intended that only the $20,000 award to defendant as parent of Tamara McMillan was to be entered on remand to the circuit court. That the same arguments raised in the circuit court after remand were before the Supreme Court in defendant's motion for reconsideration, and were rejected, establishes the "law of the case", which the circuit court violated when it affirmed the separate $5,000 award to Patricia McMillan individually.

The doctrine of the "law of the case" has been described as laying halfway between the doctrine of stare decisis and the doctrine of res judicata. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720; 209 NW2d 843 (1973). The "law of the case" embodies the principle that a decision of the appellate court, unless properly set aside, is controlling at all subsequent stages of litigation, and the principle includes the rule that on remand the trial court must strictly follow the mandate of the appellate court. While the rule is said to be one of policy and not one of inflexible law, the Supreme Court has said that the "law of the case" requires a court to adhere to legal rulings made in an original appeal where the pertinent facts have not

changed. *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981).

The trial court was without authority to exceed the Supreme Court's specific directive. To the extent that the circuit court after remand exceeded this order, this Court vacates that portion of the trial court's July 25, 1984, order which awards defendant $5,000 individually beyond the Supreme Court mandate. This decision renders the other issues raised by defendant moot.

Affirmed in part; reversed in part.