DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
McMILLAN (ON REMAND)

Docket Nos. 96552, 96553. Submitted November 14, 1986, at Lansing.
Decided April 6, 1987. Leave to appeal applied for.

Tamara McMillan, a minor, was a passenger in a vehicle owned
by her grandfather, Clarence Perkins, with whom she lived,
and driven by her boyfriend, when it was struck by an un-
known vehicle, injuring her. Her mother, Patricia McMillan,
individually and as Tamara's parent and guardian, sought
uninsured motorists benefits under insurance policies issued by
Detroit Automobile Inter-Insurance Exchange. One policy was
issued to Patricia McMillan and the other to Clarence Perkins.
An arbitration panel ruled that the policies could be stacked
and awarded $5,000 to Patricia McMillan individually and
$35,000 to her as parent and guardian of Tamara. DAIIE moved
in Wayne Circuit Court to modify or vacate the award, but the
court denied the motion and affirmed the award. DAIIE ap-
pealed and the Court of Appeals affirmed, 97 Mich App 687
(1980). DAIIE sought leave to appeal but the Supreme Court, in
lieu of granting leave, reversed and remanded to the circuit
court for entry of a judgment conforming with *DAIIE v Gavin,*
416 Mich 407 (1982), wherein the Supreme Court held that it
was error for the arbitrators in that case to ignore express anti-
stacking provisions in the insurance policies. Thereafter, the
circuit court, Susan D. Borman, J., held that defendant could
recover, on behalf of her daughter, only from the Perkins
policy and that recovery was limited to $20,000. The trial court
subsequently ruled that DAIIE should also pay the $5,000 indi-
vidual award to defendant. Both defendant and plaintiff ap-
pealed. The Court of Appeals consolidated the appeals and held

REFERENCES

Am Jur 2d, Automobile Insurance §§ 293, 329.

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 36, 45.

Am Jur 2d, Parent and Child § 106.

Immediacy of observation of injury as affecting right to recover
damages for shock or mental anguish from witnessing injury to
another. 5 ALR4th 833.

See also the annotations in the Index to Annotations under Emo-
tional Injury; Uninsured Motorists.

that the Supreme Court, in denying defendant's motion for reconsideration, rejected the arguments she propounded in circuit court and intended that only the $20,000 award to defendant as parent and guardian of Tamara was to be entered on remand to the circuit court. That being the law of the case, the Court of Appeals held that the circuit court erred in awarding defendant the $5,000 individually, which the Court of Appeals vacated. 149 Mich 394 (1986). Defendant sought leave to appeal and the Supreme Court, in lieu of granting leave, summarily reversed the Court of Appeals, remanded the case and instructed the Court of Appeals to consider the issues raised by defendant. 426 Mich 876 (1986).

The Court of Appeals *held:*

1. Under the terms of both policies in this case, uninsured motorists benefits are only available from the Perkins policy. Thus, defendant's claim that her policy is primary is without merit.

2. Defendant's individual award for $5,000 was not for a separate bodily injury, i.e., mental anguish, but was an award for a derivative loss of services claim. Defendant neither witnessed her daughter's accident nor arrived at the accident scene fairly contemporaneously with the accident. Therefore, both defendant's individual award and the award for Tamara's injuries must conform to the single $20,000 policy limit.

3. Since the arbitration award was exactly twice the available policy limit, the appropriate remedy would be for the award to be reduced by fifty percent. On remand, the circuit court shall enter a judgment of $17,500 on Tamara's claim and $2,500 on defendant's individual claim.

Remanded for further proceedings.

1. INSURANCE — UNINSURED MOTORISTS — MULTIPLE POLICIES — PRIORITY OF COVERAGE.

A court, when determining which of two insurance policies provides primary coverage for a claim for uninsured motorists benefits, must look to the express provisions of the policies in resolving the issue.

2. TORTS — PARENT AND CHILD — MENTAL ANGUISH.

A parent who neither witnessed his child's automobile accident nor arrived at the scene fairly contemporaneously with the accident may not seek insurance benefits for his own bodily injury, i.e., mental anguish, but may pursue a loss of services claim derived from the child's claim.

*Dickinson, Brandt, Hanlon, Becker & Lanctot*

(by *Charles A. Pfeffer*), and *Mac Arthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), of Counsel, for plaintiff.

*William L. Fisher*, for defendant.

ON REMAND

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and HOOD, JJ.

PER CURIAM. This case is before this Court for the third time, now on remand by the Supreme Court. The factual history of this case has been fully set out in the prior opinions and need not be repeated in depth here. Briefly, defendant's daughter, then a minor, was injured in an automobile accident while a passenger in her grandfather's car, being driven by her boyfriend. The other vehicle fled the scene of the accident.

Defendant eventually sought recovery for both herself and her daughter, under the uninsured motorist coverages of the separate insurance policies issued by DAIIE to both Clarence Perkins, the grandfather, and defendant. Both policies had $20,000/$40,000 limits. The matter was submitted to arbitration, which resulted in an award of $35,000 to the daughter and $5,000 to defendant. The circuit court affirmed the award. On the first appeal, this Court affirmed the circuit court. *DAIIE v McMillan*, 97 Mich App 687; 296 NW2d 147 (1980). Thereafter, the Supreme Court reversed:

> Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed and the case is remanded on April 19, 1983, to the Wayne Circuit Court for entry of a judgment conforming with *Detroit Auto-*

mobile *Inter-Ins Exchange v Gavin* and *Detroit Automobile Inter-Ins Exchange v Standfest,* 416 Mich 407 (1982). [*DAIIE v McMillan,* 417 Mich 946; 332 NW2d 149 (1983).]

In *Gavin,* the Court concluded that the arbitrators involved in that case exceeded their authority in disregarding the anti-stacking provisions of the insurance policies involved. Thus, the effect of the Supreme Court's initial remand in this case was to reject the awards made to defendant and her daughter since they involved the stacking of both defendant's policy and the grandfather's policy.

On remand, the trial court reduced the daughter's award to $20,000, to conform to policy limits. However, the trial court confirmed the $5,000 award to defendant, concluding that plaintiff had failed to raise the issue on the initial appeal and, therefore, plaintiff could not now argue that defendant's own injury was not a separate bodily injury. Thus, defendant received, for her own injury and for her daughter's injuries, a total of $25,000.

Both parties then appealed to this Court. Plaintiff argued that the Supreme Court's decision was a final decision and the trial court had no authority but to enter a judgment totalling $20,000. Defendant argued that the $5,000 award could not now be attacked and that her own policy was primary and, therefore, plaintiff's prior $20,000 payment under the grandfather's policy constitutes an "irremedial error of law," entitling defendant to an additional $20,000 payment under her own policy. We agreed with plaintiff and vacated the $5,000 award. *DAIIE v McMillan (After Remand),* 149 Mich App 394; 388 NW2d 284 (1986).

Defendant then sought leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court summarily reversed this Court:

In lieu of granting leave to appeal, the Court of Appeals judgment of February 19, 1986, is vacated and the case is remanded to that Court for consideration of the issues raised by defendant. The Court of Appeals erred in finding that questions concerning the award to Patricia McMillan were determined by the prior order of this Court. MCR 7.302(F)(1). [426 Mich 876 (1986).]

Although the Supreme Court's order is not explicit, apparently the Court rejects our law of the case analysis in *DAIIE v McMillan (After Remand), supra.* Accordingly, we now address the merits of the case concerning the award to Patricia McMillan.

I

The first question for our consideration is whether the Perkins policy or defendant's own policy is primary. Defendant argues that her own policy is primary, citing MCL 500.3114(1); MSA 24.13114(1). However, the provisions of § 3114(1) clearly apply to personal protection or personal injury benefits, not to uninsured motorist benefits. Since this case involves uninsured motorist benefits, we must look to the insurance contract language to determine which policy is primary.

Uninsured motorist benefits are payable under the Perkins policy since Tamara McMillan was occupying the Perkins automobile at the time of the accident. The uninsured motorist coverage provisions of the Perkins policy provide coverage for any passenger in an "owned automobile," which is the automobile listed in the declarations section of the policy.

However, uninsured motorist benefits are not available under defendant's own policy. Since Ta-

mara was defendant's relative and a member of defendant's household, she was insured under defendant's policy. However, the following exclusionary clause appears in defendant's policy:

> The insurance afforded by this [uninsured motorist] coverage does not apply:
> (1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage.

Thus, to be covered under the uninsured motorist coverage of defendant's policy, Tamara must have either (1) been occupying an "owned automobile" under defendant's policy, or (2) been occupying a "non-owned automobile" for which there were available no uninsured motorist benefits covering Tamara.

With respect to condition (1) above, Tamara was not occupying an "owned automobile" at the time of the accident. As noted above, to be an "owned automobile," the automobile must be listed in the policy declarations. Since the Perkins automobile was not listed in the declarations of defendant's policy, it is not an "owned automobile" under defendant's policy. Turning to condition (2), neither requirement is met. First, the Perkins automobile is not a "non-owned automobile" under defendant's policy. To be a "non-owned automobile," an automobile cannot be "owned by . . . [a] relative or other resident of the same household of such named insured . . . ." Since the Perkins automobile is owned by a relative who resides with the named insured, defendant, it is not a "non-

owned automobile" under defendant's policy.[1] Furthermore, even if the Perkins automobile were to be considered a "non-owned automobile" under defendant's policy, as discussed above, Tamara is eligible for benefits under the uninsured motorist coverage of Perkins' own insurance policy. Thus, the second requirement of condition (2), that the insured not be covered by uninsured motorist coverage of the "non-owned automobile," is not met here.

Accordingly, not only is the Perkins policy primary, it is the only policy applicable. Thus, all of defendant's arguments based upon her own policy being primary are without merit.

II

The next issue for our consideration is whether defendant's individual award for $5,000 was for a separate bodily injury or is a derivative loss of services claim. We conclude that defendant's individual award must be for loss of services as she could not recover, as a matter of law, for her own mental anguish.

This Court has permitted a parent to recover for mental anguish where he or she either witnessed the child's accident or arrived at the accident scene "fairly contemporaneously" with the accident. See *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976); *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973). However, another panel of this Court strictly required that the parent actually witness the accident. *Perlmutter v Whitney,* 60 Mich App 268, 273; 230 NW2d 390 (1975).

---

[1] While it appears illogical to say that the Perkins automobile is neither "owned" nor "non-owned," the policy obviously creates a third category, automobiles owned by other members of the household, in which the Perkins automobile falls.

In the more recent case of *Henley v Dep't of State Highways & Transportation,* 128 Mich App 214; 340 NW2d 72 (1983), this Court followed *Gustafson* and applied the "fairly contemporaneous" rule. The *Henley* Court found that the parents in that case did not satisfy the rule where they learned of their son's accident five hours later and first saw him in the hospital. 128 Mich App 219.

We need not decide whether to apply the strict "actually witnessed" rule of *Perlmutter* or the more lenient "fairly contemporaneous" rule of *Gustafson* as we conclude that neither rule was satisfied.

Defendant admits in one of her briefs that she did not actually witness the accident. Rather, she arrived at the accident scene over an hour later. Her daughter had already been removed from the car. She apparently did not see her daughter until sometime thereafter. We conclude that this does not satisfy the "fairly contemporaneous" rule. Accordingly, defendant's claim is merely derivative and not a separate bodily injury. Therefore, both defendant's individual award and the award for Tamara's injuries must conform to the single $20,000 policy limit.[2]

### III

Finally, we reach the question of the appropriate remedy. We believe that, since the arbitration award was exactly twice the available policy limit,

[2] We note that it appears that the arbitration panel viewed this as one injury, rather than two. By stacking the two insurance policies, the arbitrators erroneously believed that there were policy limits of $40,000 per injury and $80,000 per occurrence. Since the arbitrators awarded $40,000, it is very likely that they viewed this as one injury and conformed their award to what they thought policy limits were for one injury.

the most appropriate remedy would be for the award to be reduced by fifty percent. Accordingly, this case is remanded to the trial court with instructions to enter a judgment of $17,500 on the minor's claim and $2,500 on defendant's individual claim.

Remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to plaintiff.