LINGLE v BERRIEN COUNTY

Docket No. 158277. Submitted April 20, 1994, at Grand Rapids.
Decided June 14, 1994; approved for publication September 1,
1994, at 9:05 A.M.

Larry J. Lingle, Lauretta Lingle, Jesse C. Lingle, and Patricia A.
Kleynenberg brought an action in the Berrien Circuit Court
against Berrien County, as operator of the Riverwood Commu-
nity Mental Health Center, and others, seeking damages alleg-
edly arising as a result of Larry Lingle fatally shooting Robert
Tollaksen as a result of improper treatment of Lingle by the
defendants. The court, Ronald J. Taylor, J., granted summary
disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. A plaintiff cannot benefit from a cause of action founded
upon an immoral or illegal act. Accordingly, although Larry
Lingle was found not guilty by reason of insanity in the
shooting of Tollaksen, the trial court properly granted sum-
mary disposition for the defendants with respect to Larry
Lingle's negligence claim arising out of his treatment as an
outpatient at the Riverwood Community Mental Health Center.

2. The trial court properly granted summary disposition for
the defendants with respect to the bystander liability claims of
the other plaintiffs, the parents and the sister of Larry Lingle,
because bystander recovery is limited to members of the imme-
diate family of an injured third party.

Affirmed.

*Conybeare Law Office, P.C.* (by *John C. Johnson*),
for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by
*Gail P. Massad*), for Berrien County and others.

*Kerr, Russell & Weber* (by *Patrick McLain* and
*Joanne G. Swanson*), for S. Prasad Sajja.

Before: CORRIGAN, P.J., and GRIFFIN and M. W. DRAKE,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the circuit court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

Although plaintiff Larry J. Lingle was found not guilty by reason of insanity in the shooting death of Robert Tollaksen, the trial court did not err in granting defendants' motion for summary disposition. A plaintiff cannot benefit from a cause of action founded upon an immoral or illegal act. *Glazier v Lee,* 171 Mich App 216, 220; 429 NW2d 857 (1988); 1A CJS, Actions, § 29, pp 386-387. Accordingly, Larry Lingle's negligence claim arising out of his treatment as an outpatient at Riverwood Community Mental Health Center was barred.

Further, the bystander liability claims of Larry Lingle's parents and sister were properly dismissed. Bystander recovery is limited to immediate family members of the injured third party. *Nugent v Bauermeister,* 195 Mich App 158, 160-161; 489 NW2d 148 (1992); *DAIIE v McMillan (On Remand),* 159 Mich App 48; 406 NW2d 232 (1987).

Affirmed.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.