206 Mich. App. 528 (1994)
522 N.W.2d 641
LINGLE
v.
BERRIEN COUNTY
Docket No. 158277.
Michigan Court of Appeals.
Submitted April 20, 1994, at Grand Rapids.
Decided June 14, 1994.
Approved for publication September 1, 1994, at 9:05 A.M.
Conybeare Law Office, P.C. (by John C. Johnson), for the plaintiffs.
Cummings, McClorey, Davis & Acho, P.C. (by Gail P. Massad), for Berrien County and others.
Kerr, Russell & Weber (by Patrick McLain and Joanne G. Swanson), for S. Prasad Sajja.
*529 Before: CORRIGAN, P.J., and GRIFFIN and M.W. DRAKE,[*] JJ.
PER CURIAM.
Plaintiffs appeal as of right from an order of the circuit court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.
Although plaintiff Larry J. Lingle was found not guilty by reason of insanity in the shooting death of Robert Tollaksen, the trial court did not err in granting defendants' motion for summary disposition. A plaintiff cannot benefit from a cause of action founded upon an immoral or illegal act. Glazier v Lee, 171 Mich App 216, 220; 429 NW2d 857 (1988); 1A CJS, Actions, § 29, pp 386-387. Accordingly, Larry Lingle's negligence claim arising out of his treatment as an outpatient at Riverwood Community Mental Health Center was barred.
Further, the bystander liability claims of Larry Lingle's parents and sister were properly dismissed. Bystander recovery is limited to immediate family members of the injured third party. Nugent v Bauermeister, 195 Mich App 158, 160-161; 489 NW2d 148 (1992); DAIIE v McMillan (On Remand), 159 Mich App 48; 406 NW2d 232 (1987).
Affirmed.
NOTES
[*] Recorder's Court judge, sitting on the Court of Appeals by assignment.