OPINION OF THE COURT
Barbara Gunther Zambelli, J.
The question presented in this holdover proceeding is whether the tenant who is suffering from Alzheimer’s disease should be relieved from her default in timely renewing her Emergency Tenant Protection Act lease. The answer is clearly yes.
Initially the court finds that respondent is not in default in answering the petition. The court did not direct respondent to *147 file an answer after denying respondent’s motion to dismiss. More importantly, petitioner has been on notice of respondent’s equitable defense to this proceeding throughout the course of this proceeding.
Turning to the merits, it is undisputed that petitioner complied with Emergency Tenant Protection Regulations (9 NYCRR) § 2503.5 and that Mrs. Lindon failed to timely renew her lease. She did not return the lease renewal until September 26, 1988, almost two months after her lease expired on July 31, 1988 and almost four months after the renewal lease was sent to her.
According to Debra Lindon, Mrs. Lindon’s daughter-in-law, she visits Mrs. Lindon on a regular basis. Mrs. Lindon has deteriorated over the 10 years Debra has known her. She is forgetful. She misplaces things. Mrs. Lindon’s mail would remain unopened and scattered around the house.
In September 1988, Debra first learned that the landlord sought to evict her mother-in-law after receiving a phone call from Mrs. Lindon about the termination notice. Mrs. Lindon, greatly upset, had thought she had signed the renewal lease and showed Debra two signed renewals which meant that her mother-in-law had not returned the renewal lease to petitioner. The renewal lease was immediately mailed to petitioner but returned by petitioner as untimely.
According to Thomas Lindon, Mrs. Lindon’s son, his mother is 73 years old and has lived in her apartment for 21 years. His mother has always had a problem with remembering things. Recently, however, she becomes easily upset. She cannot talk about this proceeding without crying.
Dr. Ronald Dennet, Mrs. Lindon’s internist, testified. In November 1988 he first examined Mrs. Lindon. She underwent several tests which revealed that Mrs. Lindon was suffering from Alzheimer’s disease. Individuals with Alzheimer’s disease generally suffer progressive mental deterioration and memory degeneration at a variable rate.
In January 1989, Dr. Dennet observed that Mrs. Lindon showed increased agitation. He prescribed medication and recommended supervision which the Lindons arranged for Mrs. Lindon. Dr. Dennet believes that Mrs. Lindon should remain fairly stable for the next year with this help.
According to Dr. Dennet, an Alzheimer’s disease victim does not deal easily with new information or change. Relocation of Mrs. Lindon would exacerbate her condition and she would *148 lose some of her current functioning. Further, an Alzheimer’s victim may remember routine or mundane tasks but a new task or responsibility may be forgotten. Mrs. Lindon’s disease explains why she forgot to return her renewal lease. The court notes that Mrs. Lindon timely renewed her prior leases.
Petitioner argues that if Mrs. Lindon is evicted, he can obtain a higher rent for the apartment. Therefore, according to petitioner, he is prejudiced by a loss of rental income if the court relieves her of her default in timely renewing her lease.
It is settled that "Equity will intervene to relieve a tenant from the consequences of its negligent or inadvertent failure to give timely notice of its exercise of an option to renew a lease, where * * * the nonrenewal of the lease would result in a forfeiture for the tenant, the gravity of which would be out of proportion to the tenant’s fault” (Tritt v Huffman & Boyle Co., 121 AD2d 531, 532; see also, J. N. A. Realty v Cross Bay Chelsea, 42 NY2d 392).
In the case at bar, the need for equity to intervene to protect Mrs. Lindon from eviction is clear and compelling. Her failure to renew cannot be viewed as neglect, inadvertence or fault on her part given the pathology of Alzheimer’s disease.
The court does not accept petitioner’s argument that it is prejudiced. Mrs. Lindon’s failure to renew did not mean petitioner was free to rerent the apartment. Rather, the failure to renew was a condition precedent to maintaining a court proceeding. Indeed, petitioner was on notice of Mrs. Lindon’s desire to renew since September, one month prior to service of the petition. Thus, Mrs. Lindon’s omission did not cause petitioner to rely on her omission to its prejudice.
Accordingly, the petition is denied.