[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this three-count action, plaintiffs seek to recover for personal injuries sustained by plaintiff Jennifer Kittleson Cambareri ("Kittleson") when a pistol carried by plaintiff Rocco Cambareri ("Cambareri") allegedly discharged without warning and struck her right leg. Defendant Glock, Inc. ("Glock") filed this motion to strike (#101) count three of the complaint, which contains a bystander emotional distress claim asserted by Cambareri, to whom Kittleson was engaged at the time of the injuries and is now married. According to Glock, bystander emotional distress claims are not recognized in Connecticut and even if such claims were recognized, Cambareri was not "closely related" to Kittleson at the time of the injury, which is a prerequisite to such cause of action under Dillon v. Legg, 441 P.2d 912
(Cal. 1968) and its progeny.
This court has recognized a cause of action for bystander emotional distress, provided that the claimant: is closely related to the victim; is present at the time of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and suffers distress beyond that which would be anticipated in a disinterested witness. Castrovillari v. Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford docket no. 129351 (March 3, 1994, Lewis, J.), citing Thing v.LaChusa, 771 P.2d 814, 829 (Cal. 1989); see also Dillon v. Legg, supra; Paradiso v. Nasinka, 11 CTLR 53 (February 8, 1994, Sullivan J.); Condron v. Pollak, 10 CTLR 411 (January 17, 1994, Dean, J.);Gobar v. Holleman, 10 CTLR 272 (October 5, 1993, Pittman, J.); Diazv. Camacho, 10 CTLR 34 (October 18, 1993, Ballen, J.).
The scope of the "close relationship" required for a bystander emotional distress claim has not been defined in Connecticut. InElden v. Sheldon, 758 P.2d 582, 586 (Cal. 1988), the California Supreme Court held that an unmarried cohabitant may not recover damages for emotional distress based upon injury to his or her companion. The court based its holding on the state's strong interest in the marriage relationship; the fact that permitting this type of action would require courts to conduct an inquiry into couples' relationships in order to determine whether the emotional attachments of a family relationship existed; and the state's need to limit the number of persons to whom a negligent defendant owes a duty of care. Id. 586-88; see also Thing v. LaChusa, supra, 829 n. 10 (absent exceptional circumstances, recovery for bystander emotional distress should be limited to relatives in the same household or parents, siblings, children and grandchildren). Several courts, including the Appellate Division of the New York CT Page 5585 Supreme Court, have recently followed this rationale. SeeTrombetta v. Conkling, 539 N.Y.S.2d 670, 671 (N.Y.App.Div. 199 3); (["e]very injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree");Nugent v. Bauermeister, 489 N.W.2d 148 (Mich.Ct.App. 1992);Sollars v. City of Albuquerque, 794 F. Sup. 360 (D.N.M. 1992) (applying New Mexico law); Lindsey v. Visitec, Inc.,804 F. Sup. 1340 (W.D. Wash. 1992) (applying Washington law).
This court agrees with the rationale of the Elden court. ("We resist the temptation to extend recovery to those persons with whom plaintiff had or has the functional and emotional equivalent of a nuclear family"). Therefore, since Cambareri was not married to Kittleson at the time of her injury, the court finds that he was not "closely related," which is required to properly assert a claim for bystander emotional distress. Glock's motion to strike count three is accordingly granted.
So Ordered.
Dated at Stamford, Connecticut this 25th day of May, 1994.
WILLIAM BURKE LEWIS, JUDGE