Victor **MALDONADO** and Dawn **Maldonado, Plaintiffs,**

v.

**NATIONAL ACME COMPANY, individually and d/b/a Acme–Gridley Company, an Ohio corporation, Defendant.**

No. 93–CV–73474–DT.

United States District Court, E.D. Michigan, S.D.

April 13, 1994.

---

**1176**

P. Robert Shrauger, Shrauger & Dunn, Detroit, MI, for plaintiffs.

Richard B. Poling, Jr., Poling, McGaw & Poling, P.C., Troy, MI, for defendant.

Dennis Zacharski, Birmingham, MI, for Travelers Ins. Co.

*ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

HACKETT, District Judge.

This action arises out of a work-related accident in which a machine manufactured by defendant allegedly malfunctioned causing a metal part to dislodge and strike the machine's operator in the head, killing him instantly. Plaintiff Victor Maldonado witnessed the victim's injury and claims that as a result he suffered emotional shock which later caused physical injuries. His wife, Dawn Maldonado, seeks to recover for loss of consortium. The parties filed cross-motions for summary judgment which are currently before the court. For the reasons stated below, plaintiffs' motion for partial summary judgment shall be denied and defendant's motion for summary judgment shall be granted.

## FACTS

Plaintiff Victor Maldonado (Maldonado) was employed as a floor inspector at Huron Manufacturing Company. On the day of the incident in question, Maldonado was inspecting parts from a spindle machine manufactured by defendant National Acme Company. Plaintiff was carrying parts produced by the machine to his work area to perform quality inspections when he allegedly heard a noise. Maldonado turned and allegedly saw a metal bar from the machine strike the machine's operator in the head. The operator died instantly and plaintiff witnessed his death. Plaintiff was only a few feet from the machine at the time and he alleges he feared for his own safety. He also claims that he was struck by some of the victim's flesh along with a piece of metal that the victim had been holding. Plaintiff admits that no part of the machine struck him, and that he was neither cut nor bruised. He also admits that the victim was not related to plaintiff nor was he even a close friend.

Maldonado claims that as a result of the incident he suffered emotional distress that

caused physical injuries including the aggravation of his asthma and high blood pressure. He also claims that the emotional shock of the incident caused him to suffer a stroke over a year after the incident. Dawn Maldonado also seeks to recover against defendant for the medical expenses of her husband and for her loss of consortium.

Defendant seeks summary judgment on the grounds that Maldonado was merely a bystander to the injury and does not meet the requirements for bystander recovery under Michigan law. Plaintiffs, on the other hand, argue collateral estoppel entitles them to partial summary judgment because defendant was found liable in a wrongful death action filed by the machine operator's estate.

## STANDARDS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The United States Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

"[T]he standard for determining whether summary judgment is appropriate is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original).

The United States Court of Appeals for the Sixth Circuit has held that trial courts considering a motion for summary judgment may not make findings of fact. The movant must conclusively show "that there exists no genuine issues as to a material fact and that the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion." *Watkins v. Northwestern Ohio Tractor Pullers Ass'n.*, 630 F.2d 1155, 1158 (6th Cir.1980) (citations omitted).

The substantive law governs the determination of which facts are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## DISCUSSION

■ Defendant argues that summary judgment should be granted in its favor because plaintiff Maldonado was merely a bystander to the negligently inflicted injury of a third person and plaintiffs do not satisfy the requirements set forth under Michigan law for bystander recovery.[1] Plaintiffs claim, on the other hand, that they are not seeking to recover under the bystander theory but under products liability law. Plaintiffs claim

---

1. Neither party specifically addresses the question of whether summary judgment should be granted as to Dawn Maldonado.

Maldonado suffered an emotional shock not merely because he witnessed the machine operator's death but because he heard a loud noise emanate from the spindle machine when it malfunctioned and saw a metal part dislodge from the machine which nearly struck him before it hit the actual victim. Plaintiff claims his proximity to the accident caused him to suffer severe emotional distress which has manifested itself in objective physical injuries.

Plaintiffs' efforts to characterize this action as anything other than a case in which plaintiff was a bystander to the negligently inflicted injury of a third person has failed. During his deposition, Maldonado admitted that no part of the machine manufactured by the defendant ever struck him (Deposition Transcript at p. 101). Although plaintiff claimed that his shirt was torn by a piece of metal that the machine operator had been holding and had released upon impact, plaintiff could not remember whether the metal part cut or bruised him. The following excerpt from plaintiff's deposition is illustrative:

Q: Did you have any bruises on your body?

A: I don't remember.

Q: Did you have any cuts on your body?

A: I don't remember.

Q: What was the injury you got from the end of the piece of bar stock that Mr. Hurley had in his hand?

A: I know it ripped my shirt but I don't remember if I had a bruise or a cut or anything. I wasn't concerned about that at that point.

Q: I understand. So you had a ripped shirt from the end of the bar stock Mr. Hurley was holding. Any other injuries that you received, and I'm talking right at that moment, that you became aware of?

A: I don't remember any other ones.

(Deposition Transcript, 97–98.) In addition to plaintiff's own failure to remember any physical injuries caused by the accident, plaintiff has submitted no medical evidence of any physical injury caused by the machine itself. Maldonado has only submitted evidence that he suffered subsequent physical injuries as a consequence of his fright when the machine malfunctioned. He has not pled any injuries other than those caused by his status as a bystander to the injury of a third person.

■ In every bystander case, the bystander could allege that he feared for his own safety or imagined that he himself might have been the actual victim. Just as Maldonado alleges witnessing the death of his coworker put him in fear for his own life, so too might every driver on the road fear for his/her own safety upon witnessing the injury or death of another. Similarly, all workers, who had used the machine before the victim, might have been emotionally traumatized by the realization that they may only narrowly have escaped an injury like that suffered by the victim. But the law does not recognize a remedy for every individual impacted by the injury of another. However real one's emotional shock might be upon seeing or learning of the injury of another, Michigan law does not provide a remedy unless the narrow requirements for bystander liability are met. As one court succinctly stated, "Michigan courts have been willing to impose limitations on the tort in the third party injury context, where there would otherwise be potentially unending liability for the 'shock waves' which flow outward infinitely from an injury." *Apostle v. Booth Newspapers, Inc.,* 572 F.Supp. 897, 900 (W.D.Mich.1983).

■ Under Michigan law, a plaintiff may only recover damages caused by the negligently inflicted injury of a third person if the plaintiff is an immediate member of the victim's family. *Gustafson v. Faris,* 67 Mich. App. 363, 241 N.W.2d 208 (1976). Recently, the Michigan Court of Appeals refused to deviate from the *Gustafson* holding to expand the class of persons entitled to bystander recovery from immediate family members to close friends of the injured third party. *Nugent v. Bauermeister,* 195 Mich.App. 158, 489 N.W.2d 148, 150 (1992). In this case, plaintiffs were not in any way related to the victim harmed by the defendant's allegedly defective machine. Accordingly, plaintiffs are not entitled to bystander recovery.

Although Michigan courts have expanded recovery for injuries caused by emotional

shock, Michigan courts have not extended liability to the extremes that plaintiffs have asked of this court. While sitting in diversity, federal courts must apply the substantive law of the state in which the court sits, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The cases cited by plaintiffs do not support their claims.[2] Plaintiffs have cited *Daley v. La Croix,* 384 Mich. 4, 179 N.W.2d 390 (1970) for the proposition that whenever emotional distress manifests itself in physical injury, a compensable tort exists. Plaintiffs have misstated the law.

In *Daley,* plaintiffs were injured when defendant's reckless driving at an excessive speed caused the car to ascend 63 feet into the air striking a utility pole. The collision cut electric lines connected to plaintiff's home causing an explosion and resulting in property damage. *Id.* at 6–7, 179 N.W.2d at 392. The Michigan Supreme Court allowed plaintiffs to recover not only for their property damage but also for any physical injury produced as the result of emotional distress proximately caused by defendant's negligent conduct. *Id.* at 12, 179 N.W.2d at 395. The Supreme Court's holding in *Daley* is noted as a landmark decision because it abandoned the previous requirement that emotional injuries not be compensable unless accompanied by "physical impact" and overruled prior case law.

Although the *Daley* holding opened the door to expanded tort liability in emotional distress cases, it is inapplicable in the context of bystanders to the negligently inflicted injuries of third persons. Bystander cases present entirely different policy concerns than those addressed in *Daley* and, accordingly, have been treated quite differently by Michigan courts. In *Daley,* the court only addressed defendant's liability to the occupants of the home in which the explosion caused by defendant's conduct occurred. That case did not address the question of whether neighbors who witnessed the explosion and thus were put in fear for their own lives could also recover.

■ In this case, by contrast, plaintiffs seek to recover for an accident that has already been the subject of another lawsuit filed by the victim's estate. Defendant has already been made to pay for its wrongdoing. The number of persons who may have witnessed the accident in the plant, or who may have suffered emotional distress at learning of the operator's death, is limitless. Subjecting defendant to liability for the emotional injuries of all who may have been affected by the operator's death would be out of all proportion to defendant's actual culpability. Recognizing the dangers of opening the floodgates to litigation by all who might observe or learn of an accident, Michigan law is clear that bystander liability must be sharply curtailed.

As the Michigan Court of Appeals explained its holding in *Gustafson* by quoting Prosser, this court also adopts the well chosen words of Dean Prosser to explain its holding here:

> If recovery is to be permitted, however, it is also clear that there must be some limitation. It would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including every bystander shocked at an accident, and every distant relative of the person injured, as well as all his friends. And probably the danger of fictitious claims, and the necessity of some guarantee of genuineness, are even greater here than before. It is no doubt such considerations that have made the law extremely cautious in extending its protection to the bystander.

W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 54, at 366 (5th ed. 1984). *See Gustafson,* 67 Mich.App. 363, 368–69, 241

---

**2.** Plaintiffs cited *Luce v. Gerow,* 89 Mich.App. 546, 280 N.W.2d 592 (1979) (allowing wife to recover for emotional shock caused by automobile collision where wife was sitting in passenger seat of car and witnessed husband sustain serious permanent head injuries) and *Meyerhoff v. Turner Constr. Co.,* 202 Mich.App. 499, 509

N.W.2d 847 (1993) (recognizing tort claim for medical monitoring expenses caused by exposure to asbestos and allowing plaintiffs to amend their complaint to add claim for emotional distress due to fear of contracting cancer). These cases are not persuasive in that they are not applicable to the facts in this case.

N.W.2d at 210–11 (quoting from Prosser, *Torts* (4th ed.) § 54, pp. 334–35). Michigan courts have addressed the problems discussed by Dean Prosser by narrowly circumscribing liability to bystanders to those cases in which the bystander was an immediate family member of the victim. While sitting in diversity, this court is bound by Michigan law. Because plaintiffs are not the immediate family members of the victim of the allegedly defective machine, defendant's motion for summary judgment must be granted. Having found that defendant is entitled to summary judgment, the court does not reach the issues raised in plaintiffs' motion for partial summary judgment.

*CONCLUSION*

For the above stated reasons,

IT IS ORDERED that defendant's motion for summary judgment hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment hereby is DENIED.